Mark A. Redmond, SBN 161520
**Law Office of Mark A. Redmond PC**
656 Fifth Avenue, Suite R
San Diego, CA 92101
Telephone: (916) 444-8240
Facsimile: (866) 476-9393
Email: mr@markredmondlaw.com

Kresta Nora Daly, SBN 199689
**BARTH DALY LLP**
PO Box F
Winters, CA 95694
Telephone: (916) 440-8600
Facsimile: (916) 440-9610
Email: kdaly@barth-daly.com

Attorneys for Plaintiffs JOANN PRICE
and the ESTATE OF RONNIE PRICE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN PRICE, Successor in Interest to Ronnie Price, Deceased, and the ESTATE OF RONNIE PRICE,<br><br>        Plaintiffs,<br><br>       v.<br><br>ARTURO PACHECO, ASHLEY MARIE AURICH, JEFFREY LYNCH, DOES 1-15, inclusive, in their official and personal/individual capacities, BEVERLY DAPREMONT, nominal defendant.<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs JoAnn Price on behalf of and as the successor in interest to Ronnie Price and the Estate of Ronnie Price upon information and belief, allege the following:

### INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from defendants for brutally assaulting Ronnie Price and causing him catastrophic injuries resulting in death. Additionally, defendants conspired to falsely report and cover up his assault, injuries and death.

Ronnie Price was assaulted while restrained in handcuffs and without justification while incarcerated at CSP Sacramento, located at 100 Prison Road, Represa, California (hereinafter "CSP Sac").

2. On or about September 15, 2016, Mr. Price was assaulted by California Department of Corrections and Rehabilitation (CDCR) guard Arturo Pacheco and taken to the University of California Davis Medical Center for treatment where he died two days later as a result of the injuries suffered in the assault. Prison guards, including Pacheco and Ashley Marie Aurich falsified reports and conspired to cover up the assault and other felonious conduct toward Ronnie Price.

## JURISDICTION AND VENUE

3. This is an action for money damages brought pursuant to Title 42 of the United States Code, Sections 1983 and 1988; and the Eighth and Fourteenth Amendments of the United States Constitution against various correctional employees then working at CSP Sac.

4. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Sections 1331 (federal question) and 1343 (civil rights).

5. Venue lies in the Eastern District of California pursuant to Title 28, United States Code Section 1367, as the unlawful acts and practices alleged herein occurred in and around the City of Represa, County of Sacramento, California, which is within this judicial district.

## PARTIES

6. Plaintiff JoAnn Price is the sister of Ronnie Price. JoAnn Price is, and was at all times mentioned herein, an individual and citizen of the United States of America, resident of Los Angeles County. See Declaration of Plaintiff JoAnn Price Pursuant to Code of Civil Procedure Section 377.32, attached hereto and incorporated herein by reference as **Exhibit A**.

7. Beverly Dapremont is the half-brother of Ronnie Price. Beverly Dapremont is, and was at all times mentioned herein, an individual and citizen of the United States of America, resident of Los Angeles County. Beverly Dapremont is a half-brother of decedent Ronnie Price and is named as a nominal defendant only and for purposes of giving notice of the present action. No cause of action or any facts surrounding this lawsuit shall be construed to implicate Beverly

1  Dapremont for any of the wrongful conduct alleged.

2        8.     At all relevant times and specifically in and around September 2016 defendant Arturo Pacheco was an employee of the California Department of Corrections and Rehabilitation ("CDCR").  Defendant Pacheco was acting under color of state law when he assaulted Ronnie Price and later conspired to falsify and cover up his misconduct in causing the death of Ronnie Price.  Defendant Pacheco is sued in both his professional and individual/personal capacities for his own culpable actions.

      9.     At all relevant times and specifically in and around September 2016 defendant Ashley Marie Aurich was an employee of CDCR.  Defendant Aurich was acting under color of state law when she conspired to falsify and cover up the misconduct of other CDCR employees in assaulting and causing the death of Ronnie Price.  Defendant Aurich is sued in both her professional and individual/personal capacities for her own culpable actions.

      10.     Defendant Jeffrey Lynch was, at all times mentioned, employed by California Department of Corrections and Rehabilitation, as Warden and/or Acting Warden of CSP Sac, which is a state-run prison under CDCR.  Defendant Lynch was at all times mentioned responsible for the oversight, maintenance and policy making decisions of CSP Sac.  He was at all relevant times herein responsible for setting and enforcing the policies, customs and practices of CSP Sac.  In addition, Defendant Lynch was responsible for the supervision, training and hiring of persons and employees working within CSP Sac including correctional officers and other employees within CSP Sac.  Defendant Lynch is sued in both his professional and individual/personal capacities for his own culpable action or inaction in the training, supervision or control of his subordinates, or for his acquiescence in the constitutional deprivations which this Complaint alleges, or for conduct that showed a reckless or callous indifference to the rights of others.

      11.     The true names of Does 1 through 15 are unknown to Plaintiff at this time. Defendants are current and former employees of CDCR.  Defendants were acting under color of state law when they conspired to cover up the misconduct of other CDCR employees in causing the death of Ronnie Price.  Doe Defendants are currently being sued in their individual capacities.

1  Plaintiffs believe the identities of Defendants will be revealed through discovery and will permit
2  Plaintiffs to amend this Complaint to state the same.

3  12. Plaintiffs are informed and believe, and thereon allege that each defendant is, and
4  at all times mentioned was, the agent, employee, representative successor and/or assignee of each
5  other defendant.  Each defendant, in doing the acts, or in omitting to act as alleged in this
6  complaint, was acting within the scope of his or her actual and apparent authority or the alleged
7  acts and omissions of each defendant as agent were subsequently adopted and ratified by each
8  other defendant as principal.  Plaintiffs are informed and believe that each of the individual
9  defendants was in some way responsible for the constitutional violations and torts alleged in this
10 complaint.

11 13. In committing the acts alleged in this complaint, Defendants acted knowingly,
12 maliciously, and with reckless or callous disregard for the constitutional rights of Ronnie Price,
13 justifying an award of punitive damages under federal law against each defendant.

## FACTS

### The Assault on Ronnie Price and Subsequent Cover Up

16 14. On September 15, 2016, Ronnie Price was assaulted by Defendant Arturo Pacheco
17 as Defendant Pacheco and Defendant Aurich escorted Mr. Price between buildings.  On
18 September 15, 2016, Defendant Pacheco was instructed by Sergeant 1/Doe Defendant 1 to move
19 Ronnie Price from a cell in Building 6A to a cell in Building 7A.  Building 6A and Building 7A
20 are and were located on the grounds of CSP Sac where Mr. Price was incarcerated.

21 15. Defendant Pacheco and Defendant Aurich went to Building 6A to get Mr. Price.
22 When they arrived, Correctional Officer 2/Doe Defendant 2 was there to assist if necessary.
23 Defendant Pacheco handcuffed Mr. Price's hands behind his back while Mr. Price complained
24 about the move.  The three correctional officers began to escort Ronnie Price on foot to
25 Building 7A.

26 16. During the escort Defendant Pacheco positioned himself on the left side of
27 Mr. Price.  Defendant Aurich was on the right side of Mr. Price.  Correctional Officer 2 was
28 behind Price, Pacheco and Aurich.  When they arrived at Building 7A, the building's control

booth officer let them inside.  Shortly after entering and just inside the rotunda area, Mr. Price stopped walking and stiffened his torso.  In response, Defendant Pacheco released his grip on Mr. Price's left arm, bent down and wrapped his arms around Mr. Price's legs.  While Mr. Price still had his hands handcuffed behind his back, Defendant Pacheco lifted Mr. Price's legs and pulled them quickly backwards towards him.  Defendant Pacheco's unjustified use of force caused Mr. Price to fall violently forward onto his face, impacting the concrete floor.  The impact of Mr. Price's head striking the concrete floor caused Ronnie Price to break his jaw, several teeth and injure his right shoulder.

17. After Mr. Price crashed face first into the concrete floor, Defendant Aurich sounded the alarm, and several other correctional officers, including a currently unknown Sergeant and Correctional Officer 4/Doe Defendant 3, responded to Building 7A.  Correctional Officer 4/Doe Defendant 3 relieved Defendant Pacheco.  Correctional Officer 4/Doe Defendant 3 and Correctional Officer 5/Doe Defendant 4 took Mr. Price to the medical treatment area of CSP Sac.  Medical staff immediately determined that Mr. Price needed to be sent to UC Davis Medical Center to receive emergency medical care.

18. At UC Davis Medical Center, Mr. Price received extensive emergency medical care and was hospitalized.  Approximately two days into his hospitalization Mr. Price suffered a pulmonary embolism and died.

19. After Defendant Pacheco was relieved, Sergeant 1/Doe Defendant 1 sent out an email to the officers s/he observed in Building 7A during the incident.  This indicated they needed to write their crime incident reports on CDCR form 837.  To write his report, Defendant Pacheco returned to Building 7A where he sat in an office at a computer, across from Defendant Aurich. Defendant Pacheco told Defendant Aurich they were going to keep their reports "in house," meaning they would draft and submit consistent, false descriptions of what action Ronnie Price took to supposedly justify Defendant Pacheco's use of force and they would lie about the use of force Defendant Pacheco actually used.  Defendants Pacheco and Aurich then lied about how Ronnie Price allegedly stopped moving, then spun to his left and lunged forward, and supposedly broke free of Defendant Pacheco's escort.  They then wrote that Defendant Pacheco took Ronnie

Price to the ground in a controlled manner, when, in truth, Defendant Pacheco swept Mr. Price's legs out from underneath him, causing him to smash his head against the concrete.

20. Defendant Pacheco also told Defendant Aurich he was leaving Correctional Officer 2 out of his report, and she should do the same in hers. The reason the two of them left Correctional Officer 2 out of their reports was to discourage Correctional Officer 2 from submitting an accurate report regarding Defendant Pacheco's assault on Ronnie Price, which would describe Defendant Pacheco's use of excessive or unnecessary force and how Mr. Price was not actively resisting in a manner that would have warranted Defendant Pacheco's conduct.

21. In fact, Correctional Officer 2 did draft a report shortly after the assault, and in his report, Correctional Officer 2 did document Mr. Price's actions and Defendant Pacheco's use of excessive or unnecessary force against Mr. Price. Correctional Officer 2 never submitted his draft report, however, because Pacheco told Correctional Officer 2 not to and Correctional Officer 2 consented to participate in the false version of events and cover up of the brutal assault. Sergeant 1/Doe Defendant 1 also never followed up with Correctional Officer 2 to obtain a copy of his report although part of the response supervisor's duties are to ensure that each correctional officer who witnessed "use of force" or used force submits an accurate report describing why force was used and what type of force was used, among other things. Sergeant 1/Doe Defendant 1 also told Correctional Officer 4/Doe Defendant 3 to leave Correctional Officer 2 out of Correctional Officer 4/Doe Defendant 3's report because Correctional Officer 2 and Defendant Pacheco were involved in a "use of force" incident the week prior and it looked bad to have them involved in another incident so close in time. Correctional Officer 4/Doe Defendant 3 followed this order without question.

22. Defendant Pacheco also called Correctional Officer 4/Doe Defendant 3 after the incident with Mr. Price and Defendant Pacheco told Correctional Officer 4/Doe Defendant 3 to keep Correctional Officer 2 out of Correctional Officer 4/Doe Defendant 3's report. Defendant Pacheco told Correctional Officer 4/Doe Defendant 3 that Ronnie Price "pissed [him] off," so Defendant Pacheco "dumped" Ronnie Price.

///

23. On or about September 16, 2016, Defendant Pacheco signed and submitted his final, false report regarding the incident with Mr. Price.

24. On or about September 17, 2016, Mr. Price died as a result of the assault by Defendant Pacheco.

**The Statute of Limitations Is Equitably Tolled**

25. Defendants falsely reported and covered up their assault of Ronnie Price. Prison authorities have never apprised Plaintiff JoAnn Price and Beverly Dapremont of the true circumstances and cause of Mr. Price's death or of the fact that Defendants Pacheco, Aurich, Lynch and Does 1-15 were responsible for Ronnie Price's death and tried to cover that fact up.

26. Plaintiffs are informed and believe and thereon allege that Defendants Pacheco and Aurich were fired in 2018. Among the reasons they were fired was for dishonesty in the investigation in this case. Despite the fact that prison officials and law enforcement knew in 2018 that Defendants Pacheco, Aurich and others lied about the circumstances surrounding Mr. Price's death, his sister (Plaintiff) and brother, were not informed of the true cause of Mr. Price's death.

27. On or about July 21, 2022, Defendant Pacheco signed a plea agreement in United States District Court, Eastern District of California, Case No. 2:20-CR-221, admitting under penalty of perjury the foregoing facts were true and correct. On or about July 25, 2022 Defendant Pacheco entered guilty pleas to two violations of Title 18, United States Code Section 242, deprivation of civil rights under color of authority and two counts of violations of Title 18, United States Code Section 1519, falsification of records in federal investigation. Some of those guilty pleas related to Defendant Pacheco's assault upon Mr. Price and his subsequent cover-up of that assault. Ronnie Price is not identified by name in Defendant Pacheco's plea agreement. Had Plaintiffs read the plea agreement they would not have known the victim was their brother.

28. On or about January 19, 2021, Defendant Aurich pled guilty in United States District Court, Eastern District of California to a violation of Title 18, United States Code Section 1519, falsification of records in federal investigation. Defendant Aurich's guilty pleas were directly related to her complicity in falsifying records to assist Defendant Pacheco's cover-up of his felonious and deadly assault on Mr. Price. Ronnie Price is not identified by name in

1  Defendant Aurich's plea agreement.  Had Plaintiffs read the plea agreement they would not have
2  known the victim was their brother.

3       29.     At a time unknown to Plaintiffs, but prior to 2020, the Federal Bureau of
4  Investigation and/or other state and federal law enforcement agencies, began investigating CSP
5  Sac.  Plaintiffs are informed and believe that Defendants Pacheco's and Aurich's conduct came to
6  light and the result was the filing of two separate criminal indictments in late 2020.  Despite this
7  fact, neither the FBI, CDCR, the United States Attorney's Office nor any other law enforcement
8  agency informed Plaintiffs of the true facts which led to Ronnie Price's death and the subsequent
9  cover-up of Defendant Pacheco's criminal conduct.  Plaintiff remained unaware of the facts
10 surrounding her brother's death and cover-up until the events were reported in the news in late
11 July 2022 around the time of Defendant Pacheco's guilty plea.

12       30.     Typically an action accrues on the date of injury.  That rule can be modified by the
13 "discovery rule."  The discovery rule provides that the accrual date of a cause of action is delayed
14 until the plaintiff is aware of their injury and its cause.  Plaintiffs had no knowledge of the true
15 facts surrounding Ronnie Price's death until Defendant Pacheco's plea agreement and guilty plea.
16 Plaintiffs had no means by which to discover the truth prior to late July 2022.

17       31.     Equitable estoppel prevents the statute of limitations from starting to run where
18 there is concealment of information as to the cause of a plaintiff's injuries.  Fraudulent
19 concealment by a defendant will equitably estop the starting of the running of the statute of
20 limitations.  Defendants Pacheco and Aurich have only recently pled guilty to their dishonest
21 conduct, specifically for lying about the cause of Mr. Price's death.  Given Defendants' lies,
22 Plaintiffs had no means of discovering the truth about Mr. Price's death until Defendant Pacheco's
23 guilty plea and subsequent media coverage.

### Dishonesty: Common Practice at CSP Sacramento

25       32.     CSP Sac has a history of tolerating misconduct amongst correctional officers.
26 Whistleblowers, known and unknown to Plaintiffs, made complaints to Defendant Jeffrey Lynch,
27 the California Secretary of Corrections, and others.  Plaintiffs are informed and believe and
28 thereon allege those complaints documented dishonest conduct such as the planting of drugs and

1  other evidence, assaults on inmates and falsifying evidence and reports among other issues.
2  Whistleblowers are believed to have provided information and evidence to investigators relating
3  to Ronnie Price's death and/or the related cover up.  Defendant Lynch failed to take appropriate
4  action concerning the serious circumstances of the present case.  Defendant Lynch has previously
5  and repeatedly failed to take appropriate action concerning serious instances of excessive force
6  and unlawful conduct of the guards and staff of CSP Sac.

7  33.  Defendant Lynch began working for CDCR in 1994.  He has worked at CSP Sac
8  on multiple occasions since at least 1996.  In August 2001, Lynch was promoted to Correctional
9  Counselor I at CSP Sac.  In July 2005, he promoted to Correctional Counselor II.  In June 2008,
10 he promoted to Custody Captain at CSP Sac, where he remained until accepting a lateral position
11 as a Captain within the Classification Services Unit at CDCR Headquarters in October 2010.  In
12 September 2011, Lynch accepted an Associate Warden position at CSP Sac, where he was
13 assigned to various positions to include Facility A/ASU, Business Services and Facility C.  After
14 spending approximately five years as an associate warden, Lynch was promoted to Chief Deputy
15 Warden in August 2016.  In June 2020 Defendant Lynch was named Warden of CSP Sac.  Given
16 his long tenure at CSP Sac, particularly in positions where he supervised other correctional
17 officers, Defendant Lynch had actual and/or constructive knowledge of the pervasive culture of
18 lying and dishonesty amongst certain guards at CSP Sac.

19 34.  Defendants Lynch and Does 3-15 were actually or constructively aware of a
20 pattern or culture of excessive force, unlawful conduct, lying and dishonesty among certain
21 correctional officers at CSP Sac.  Defendant Lynch and Does 5-15 maintained and permitted
22 policies, practices and customs which sanctioned such wrongful conduct.

### FIRST CAUSE OF ACTION

### EXCESSIVE FORCE

**(42 USC § 1983 Against Defendant Pacheco and Does 1 and 2)**

26 35.  Plaintiffs reallege and incorporate herein by reference each and every allegation
27 contained in the preceding paragraphs of this Amended Complaint.

28 ///

36. Defendant Pacheco brutally assaulted Ronnie Price, resulting in Price's death, without justification. Defendant Pacheco's conduct constituted excessive force against plaintiff in violation of his Eighth Amendment rights.

37. Defendant Aurich and Doe Defendants 1 and 2 aided and abetted Defendant Pacheco's wrongful conduct.

38. As a direct and proximate result of Defendant Pacheco's conduct Ronnie Price experienced pain, suffering and the loss of his life. Defendant Pacheco caused Ronnie Price's death and deprived Plaintiff of her brother's love and affection.

39. Plaintiffs allege the acts of Defendant Pacheco were willful, malicious, intentional, oppressive, and reckless and/or were done in willful and conscious disregard of plaintiff's rights, welfare and safety, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

40. As a direct and legal result of Defendant Pacheco's acts and omissions, Plaintiffs suffered damages, including, and without limitation, pain and suffering, extreme mental and emotional distress, severe physical injuries, attorneys' fees and cost of suit, and other pecuniary losses not yet ascertained.

WHEREFORE, Plaintiffs prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(Due Process and Equal Protection Violation)**

**(42 USC § 1983 AGAINST ALL DEFENDANTS)**

40. Plaintiffs repeat and re-allege each and every allegation of this Complaint with the same force and effect as if fully set forth herein.

41. Plaintiffs' claims against Defendants Pacheco, Aurich and Doe Defendants 1 and 2 are based on their falsified reports and witness tampering and/or intimidation in suppressing Defendant Pacheco's assault on Ronnie Price, encouraging other correctional officers to lie and/or omit information in their reports. Such lies and/or omissions violated Mr. Price's right to due process and equal protection.

///

42. Plaintiffs' claims against Defendant Lynch and Does 3-15 are based on their maintaining and permitting the practices, policies and customs in which correctional officers such as Defendants Pacheco, Aurich and Does 1 and 2, falsify evidence and otherwise lie about their conduct. Plaintiffs are informed and believe and based thereon allege that Defendant Lynch and Does 3-15, as the official policy makers for CSP Sac, were actively or constructively aware of dishonesty and use of excessive force in CSP Sac. On information and belief plaintiffs allege, instead of taking proper steps to discipline correctional officers such as Defendants Pacheco, Aurich, Does 1 and 2 and others, Defendant Lynch and Does 3-15 condoned, encouraged, fostered and/or ratified such unlawful conduct. Plaintiffs are further informed and believe and thereon allege that Defendant Lynch ratified Defendant Pacheco, Aurich and Does 1 and 2's unconstitutional conduct towards Ronnie Price.

43. As a result of their conduct, Defendants are liable for Plaintiffs' injuries, either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity and duty to do so and prevent these violations.

44. Plaintiffs allege the acts of the individual Defendants were willful, malicious, intentional, oppressive, and reckless and/or were done in willful and conscious disregard of Plaintiffs' rights, welfare and safety, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

45. As a direct and legal result of Defendants' acts and omissions, Plaintiffs have suffered damages, including, and without limitation, pain and suffering, extreme mental and emotional distress, severe physical injuries, attorneys' fees and cost of suit, and other pecuniary losses not yet ascertained.

## JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

## PRAYER

WHEREFORE Plaintiffs request entry of judgment in their favor and against defendants as follows:

(1) For compensatory damages in an amount to be determined at trial;

    (2) For punitive damages against individual defendants in an amount to be proven at trial;

    (3) For reasonable costs of this suit and attorneys' fees; and

    (4) For such further relief as the Court may deem proper, just and appropriate.

Dated:  September 13, 2022.   Respectfully submitted,

           BARTH DALY LLP


           By /s/ Kresta Nora Daly
             KRESTA NORA DALY

# EXHIBIT A

```
Mark A. Redmond, SBN 161520
```
**Law Office of Mark A. Redmond PC**
656 Fifth Avenue, Suite R
San Diego, CA 92101
Telephone: (916) 444-8240
Facsimile: (866) 476-9393
Email: mr@markredmondlaw.com

Kresta Nora Daly, SBN 199689
**BARTH DALY LLP**
PO Box F
Winters, CA 95694
Telephone: (916) 440-8600
Facsimile: (916) 440-9610
Email: kdaly@barth-daly.com

Attorneys for Plaintiffs JOANN PRICE
and the ESTATE OF RONNIE PRICE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN PRICE, Successor in Interest to Ronnie Price, Deceased, and the ESTATE OF RONNIE PRICE,<br><br>Plaintiffs,<br><br>v.<br><br>ARTURO PACHECO, ASHLEY MARIE AURICH, JEFFREY LYNCH, DOES 1 through 15, inclusive, in their official and personal/individual capacities, BEVERLY DAPREMONT, nominal defendant.<br><br>Defendants. | Case No.<br><br>**DECLARATION OF PLAINTIFF JOANN PRICE PURSUANT TO CODE OF CIVIL PROCEDUR SECTION 377.32** |

I, JoAnn Price, declare as follows:

    1.    I am a party to this action. I have personal knowledge of the facts contained in this declaration and if called as a witness could and would competently testify thereto.

    2.    The decedent's name is Ronnie Price. He died on September 17, 2016, in the County of Sacramento.

{00037932}    - 1 -

3.  No proceeding is now pending in California for the administration of his estate.

4.  I am decedent Ronnie Price's natural sister, and my half-brother, Beverly Dapremont, and I are the decedent's successors in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeed to the decedent's interests in this action or proceeding. No person has a superior right to me in bringing the subject action.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. This declaration has been executed this ___9th___ day of September, 2022.

_____
JOANN PRICE