ROB BONTA, State Bar No. 202668
Attorney General of California
JAY M. GOLDMAN, State Bar No. 168141
Supervising Deputy Attorney General
RYAN T. GILLE, State Bar No. 262105
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-4454
 Fax:  (415) 703-5843
 E-mail:  Ryan.Gille@doj.ca.gov
*Attorneys for Defendant*
*J. Lynch*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **JOANN PRICE, ET AL.,**<br><br>Plaintiff,<br><br>v.<br><br>**ARTURO PACHECO, ET AL.,**<br><br>Defendants. | Case No. 2:22-cv-1610-DAD-DMC (PC)<br><br>**DEFENDANT J. LYNCH'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:          May 24, 2023<br>Time:         10:00 a.m.<br>Judge:        Hon. Dennis M. Cota<br>Trial Date:  N/A<br>Action Filed: September 14, 2022 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant J. Lynch (Defendant) moves to dismiss Plaintiff's Second Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the claim is barred by the statute of limitation and the allegations in the complaint fail to state a claim upon which relief can be granted.

This motion is based on this notice, the following memorandum of points and authorities, the pleadings and records on file, and any other matters that may properly come before this Court.

# MEMORANDUM OF POINTS AND AUTHORITIES
# INTRODUCTION AND PLAINTIFF'S ALLEGATIONS

Plaintiff JoAnne Price has amended her complaint twice after Defendant J. Lynch filed a motion to dismiss. The second amended complaint contains no new allegations that alter the arguments in the previous two motions to dismiss. And because she has failed to state a claim, despite multiple amendments, her claim against Defendant Lynch must be dismissed without leave to amend.

Plaintiff is the successor-in-interest to the Estate of Ronnie Price. (ECF 36.) Plaintiff alleges that Defendant Arturo Pacheco assaulted her brother Ronnie Price (Decedent) on September 15, 2016 at California State Prison- Sacramento (SAC). (*Id.*) Mr. Pacheco was a correctional officer then and Decedent was an inmate. (*Id.*) Decedent passed away as a result of the injuries from the assault on September 17, 2016. (*Id.*) Plaintiff alleges that Defendant Ashley Marie Aurich conspired with Pacheco and several other officers to cover up the assault. (*Id.*) Plaintiff also alleges that the assistant warden at SAC, Defendant J. Lynch, was actually or constructively aware of a pattern or culture of excessive force, unlawful conduct, lying and dishonesty among certain correctional officers at SAC and maintained and permitted policies, practices and customs which sanctioned such wrongful conduct. (*Id.*) The statute of limitations for Plaintiff's claim is two years, however, she claims it was equitably tolled because of the alleged cover-up by Pacheco and Aurich. (*Id.*)

There are no factual allegations against Lynch, other than generalized allegations about his position as assistant warden of the facility. And while the second amended complaint contains conclusory allegations the Lynch caused or contributed to the incident as a supervisor, there are no factual allegations, even if assumed to be true, that Lynch's conduct caused or contributed to the Decedent's death. Also, assuming the allegations directed to Lynch are true, which he denies, they fail to state a basis for liability and the case against him should be dismissed without leave to amend.

# ARGUMENT

## I. LEGAL STANDARD ON MOTION TO DISMISS.

Dismissal is appropriate when the plaintiff fails to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984). To survive a motion to dismiss, a complaint must contain sufficient factual allegations related to each material element necessary to sustain recovery. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 562 (2007). The factual allegations must provide the grounds for the entitlement to relief, and raise the right to relief above the speculative level. *Id*. at 555.

In determining whether a complaint states a claim, the court must accept as true all allegations of material fact and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000). The court must accept as true all well pleaded facts at the motion-to-dismiss stage. *Decker v. Advantage Fund, Ltd.,* 362 F.3d 593, 595 (9th Cir. 2004). Even so, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). And a district court may dismiss without leave where amendment would be futile. *Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1041 (9th Cir. 2011).

## II. PLAINTIFF'S ACTION IS TIME-BARRED AGAINST DEFENDANT LYNCH.

### A. The Statute of Limitations Applicable to Plaintiff's Action Is Two Years.

For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is California's statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). The statute of limitations for filing personal injury actions is two years. Cal. Code Civ. Proc. § 335.1; *see also Jackson v. Fong*, 870 F.3d 928, 936 (9th Cir. 2017). Here, the alleged assault occurred on September 15, 2016, and Mr. Price passed away on September 17, 2016. Accordingly, at the latest, the statute of limitations would have run on September 17, 2018, two years after the subject incident. As discussed below, equitable tolling does not apply to the claim against Defendant Lynch because there are no allegations that he made misrepresentations to the Plaintiff that caused her to delay filing the claim. Thus, the action is time-barred.

**B.    Plaintiff Cannot Meet Her Burden of Establishing That She Is Entitled to Equitable Tolling.**

Plaintiff alleges that her claim was "equitably tolled" due to the alleged concealment of the true cause of the decedent's death. (ECF 36, ¶¶ 104-127.) Under California's equitable tolling doctrine, the statute of limitations is tolled when an individual has several formal legal remedies, including administrative remedies, and reasonably and in good faith pursues one. *Jones v. Tracy Sch. Dist.*, 27 Cal.3d 99, 108 (1980). Tolling focuses on a timely filed claim, which does not appear to be the case here. She is arguing a different theory, that the defendants are equitably estopped from asserting the statute of limitations defense because of alleged fraudulent concealment. (ECF 29, ¶¶ 104-120.) Plaintiff does not dispute that, but for either theory, her claim would be time barred. (*Id.*)

The allegations contain certain allegations against Defendants Pacheco and Aurich, but completely lack any factual allegations that would support tolling the claims against Lynch. Even after amending the complaint, the allegations do not infer that Lynch had any particular involvement with the alleged fabrication related to Plaintiff's claim. And Plaintiff still acknowledges that Lynch was not the warden of the institution until about four years **after the incident**. (*Id.*, ¶ 83.) There are also still no factual allegations that Lynch mislead or fraudulently withheld information from Plaintiff. Indeed, there are only conclusory allegations that Lynch was tangentially involved as the assistant warden, and was aware of a culture of lying. (*Id.*, ¶¶ 123 and 126.)

Plaintiff also appears to allege that Lynch somehow contributed to Plaintiff's lack of knowledge regarding the incident when Lynch allegedly did not notify her about the Sacramento County Coroner's ruling that the decedent's death was a homicide two years after the death. (*Id.*, ¶¶ 92-93.) Even though the decedent was no longer in CDCR custody, Plaintiff contends that CDCR Health Care Department Operations Manual 3.1.19 required Lynch to contact Plaintiff and inform her that the cause of death was homicide. (*Id.*, ¶ 92.) Yet the policy Plaintiff cites to only requires a Warden, or designee, to notify the next of kin that an inmate has a medical condition deemed to be serious by a health care provider or the patient has been declared deceased.

4

(Defendant's Request for Judicial Notice, Exhibit A.)  There is no requirement in the policy that anyone had a continuing duty to update the family on the coroner's findings.  And there is no allegation that Lynch was the Warden or its designee in 2018.  In any event, there is no basis to estop or toll the claim against Lynch.  Thus, Plaintiff cannot meet her burden that she is entitled to equitable tolling or estoppel and her claim against Lynch is time barred.  And because the claim is barred, her case must be dismissed without leave to amend.

### III. EVEN IF THE CLAIM AGAINST LYNCH IS NOT TIME BARRED, IT FAILS TO STATE A SECTION 1983 CLAIM.

To state a claim under Section 1983, a complaint "must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). "To adequately plead these elements, the complaint must identify what constitutional or other federal right each defendant violated, providing sufficient facts to plausibly support each purported violation." See *Burnell v. Marin Humane Soc'y*, No. 14-cv-05635-JSC, 2015 WL 4089844, at *2 (N.D. Cal. July 6, 2015) (citations omitted).

#### A. Plaintiff's Supervisor Liability Cause of Action Fails to State a Claim.

Liability may not be imposed on supervisory personnel under Section 1983 based on the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).  When a defendant holds a supervisory position—such as Lynch—the causal link between him and the claimed constitutional violation must be specifically alleged.  See *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).

Plaintiff must allege facts sufficient to determine that Lynch "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  See *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); accord *Starr v. Baca*, 633 F.3d 1191, 1209 (9th Cir. 2011); see also *Anderson v. Hansen*, 2013 WL 4676212, at *3 (E.D. Cal. Aug. 30, 2013) ("[a] prison official may be held liable for failing to protect an inmate from a prison guard if he knew of an excessive risk to inmate health or safety posed by the ... prison guard and disregarded that risk").  Claims

5

that "rely upon claims of the general responsibility of the warden for prison operations are insufficient to establish Section 1983 liability." *Brown v. Perez*, 2016 WL 7975264, at *6 (C.D. Cal. Dec. 16, 2016).

Here, Plaintiff's allegations are that Lynch's position as an Assistant Warden generally charged him with responsibility to supervise and train the other defendants. Plaintiff cites several CDCR Operations Manual sections. But Plaintiff does not allege how Lynch was responsible for, or otherwise involved in, the policies or practices or customs Plaintiff claims are at issue. It is not enough to merely allege Lynch had a supervisory role as the facility's Assistant Warden, and that because of that role, he is responsible for the constitutional deprivation suffered by Plaintiff.

Accordingly, Plaintiff's Supervisor Liability cause of action fails to state a claim and must be dismissed.

**B.    Plaintiff's Failure to Protect Cause of Action Fails to State a Claim.**

To support an Eighth Amendment failure-to-protect claim, a plaintiff must allege facts showing defendant displayed "deliberate indifference" to an excessive risk to the prisoner's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). There are two elements of deliberate indifference: 1) a deprivation that was objectively sufficiently serious resulting in the denial of "the minimal civilized measure of life's necessities," and 2) defendant knew of, and disregarded, an excessive risk to the prisoner's safety. *Id.* at 834, 837. It is not enough to show a defendant should have known of the risk; actual notice on the part of the prison official is needed to show deliberate indifference. *Id.* at 837-38 and 843 n. 8. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the official must also draw the inference. *Id.*

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "This is not an easy test [] to satisfy." *Hallett v. Morgan*, 296 F.3d 732, 744-45 (9th Cir. 2002). Before being required to take action, the official must have more than a "mere suspicion" that an attack upon an inmate will occur. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986) ("The standard does not require that the guard or official believe to a moral certainty that one inmate intends to attack another at a given place at a time certain before that officer is

1  obligated to take steps to prevent such an assault. But, on the other hand, he must have more than
2  a mere suspicion that an attack will occur."). Speculative and generalized fears of harm at the
3  hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to future
4  health. *Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007); *Evans v. Beck*, No. 1:12–cv–
5  00284, 2012 WL 4747220, at *3-4 (E.D. Cal. 2012). "The possibility of harm is not equivalent to
6  a substantial risk of harm." *Marrero v. Rose*, No. 1:10–cv–00509, 2013 WL 2991295, at *6 (E.D.
7  Cal. 2013).

Here, Plaintiff's amended complaint falls well short of the "high legal standard" required to pursue a deliberate indifference standard and lacks factual allegations that would satisfy a prima facie case. The allegations contain conclusory claims that Lynch knew, or should have known, that the other Defendants posed a risk to the Decedent. (*See generally* ECF 36.) Conclusory allegations aside, the amended complaint includes no specific factual allegations that Lynch knew these Defendants posed a risk to the Decedent, or any other inmate. (*Id.*) There are no factual allegations that Lynch knew any Defendant would harm the Decedent or anyone else or that he even suspected that the Defendants would have attacked the Decedent. (*Id.*) Also missing are any allegations that the Decedent complained about Lynch, or any CDCR employee, or complained that the Defendants posed a risk. Rather, Plaintiff makes conclusory allegations that Lynch knew or should have known that all correctional officers at SAC posed an imminent risk to every inmate. Such allegations are insufficient and the amended complaint should be dismissed. And because Plaintiff has already amended her complaint multiple times, it should be dismissed without leave to amend.

///
///
///

**CONCLUSION**

Plaintiff's complaint must be dismissed against Lynch because his action is barred by the statute of limitations. Even if the claim is not time barred, there are insufficient allegations to support a Section 1983 claim against him. And because amendment would be futile, Defendant's motion should be granted without leave to amend.

Dated: April 17, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
JAY M. GOLDMAN
Supervising Deputy Attorney General

*/s/ Ryan T. Gille*
RYAN T. GILLE
Deputy Attorney General
*Attorneys for Defendant*
*J. Lynch*

SA2022402270/43653652.docx

# CERTIFICATE OF SERVICE

Case Name:   *Price, et al.  v. Pacheco, et al.*
Case No.     **2:22-CV-1610-DAD-DMC (PC)**

I hereby certify that on <u>April 17, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **DEFENDANT J. LYNCH'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**
- **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS with Exhibit A**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>April 17, 2023</u>, at San Francisco, California.

|  G. Pang  |  *[signature]*  |
|---|---|
| Declarant | Signature |

SA2022402270/43654775.docx