V. James DeSimone (SBN: 119668)
vjdesimone@gmail.com
**V. JAMES DESIMONE LAW**
13160 Mindanao Way, Suite 280
Marina del Rey, California 90292
Telephone: 310.693.5561
Facsimile: 323.544.6880
Email: **VJD000103@bohmlaw.com**

Attorneys for Plaintiffs, JOANN PRICE,
successor in interest to Ronnie Price, deceased; and the
ESTATE OF RONNIE PRICE; and his successors in interest

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN PRICE, successor in interest to Ronnie Price, deceased; and the ESTATE OF RONNIE PRICE; and his successors in interest,<br><br>PLAINTIFFS,<br><br>v.<br><br>ARTURO PACHECO, ASHLEY MARIE AURICH, JEFFREY BIGNEY, ARTURO LUNA, DORIAN LOPEZ, BRENDA VILLA, DAVID BAUGHMAN, JEFFREY LYNCH and DOES 1 through 15, inclusive, in their official and personal/individual capacities.<br><br>DEFENDANTS. | Case No: 2:22-cv-1610 DAD-DMC (PC)<br>Assigned to Hon. Dennis M. Cota<br><br>**PLAINTIFF JOANN PRICE'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT D. BAUGHMAN'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date: November 1, 2023<br>Time: 10:00 AM<br><br>Action Filed: September 14, 2022<br>Trial Date: TBD |

**TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

Plaintiff, JOANN PRICE, successor in interest to Ronnie Price, deceased; and the ESTATE OF RONNIE PRICE; and his successors in interest, (hereinafter "Plaintiff") will and hereby does oppose Defendant David Baughman's Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(6). This Opposition is based upon this Memorandum of Points and

1

Authorities and upon such further evidence and argument as may be presented prior to or at the time of the hearing of the motion.

Date: October 4, 2023                                **V. JAMES DESIMONE LAW**

By: _____
V. JAMES DESIMONE, ESQ.

Attorneys for Plaintiffs,

JOANN PRICE, successor in interest to Ronnie Price, deceased; and the ESTATE OF RONNIE PRICE; and his successors in interest

## **TABLE OF CONTENTS**

I. **INTRODUCTION** ........................................................................................................... **7**

II. **STATEMENT OF RELEVANT FACTS** ..................................................................... **7**

III. **STANDARD** ................................................................................................................. **11**

IV. **LEGAL ARGUMENT** ................................................................................................. **11**

    A.    Plaintiff Should Not Be Precluded From Bringing the Suit Based on the Statute of Limitations ...................................................................................................................... 11

        i.    Defendant Baughman is Estopped from Asserting a Statute of Limitations Defense Because His Conduct Induced Reliance ................................................. 11

        ii.   The Action is Not Time Barred Due to the Delayed Discovery Rule ................... 13

    B.    Plaintiff Has Stated a Claim Against Baughman in His Supervisory Capacity for Violation of the Eighth Amendment-Right to Be Free From Excessive Force ..... 14

        i.    Baughman Was Responsible for the Treatment of Inmates in His Charge ........... 14

        ii.   Plaintiff Has Alleged that Baughman Was Culpably Indifferent to Constitutional Violations ................................................................................................................ 14

    C.    Plaintiff Has Stated a Claim Against Baughman in His Individual Capacity for Violation of the Eighth Amendment-Failure to Protect ........................................ 16

V. **CONCLUSION** ............................................................................................................. **17**

3

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT D. BAUGHMAN'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**
*Price v. Arturo Pacheco, et al.*                                                                        V. James DeSimone, Esq.
Case No.: 2:21-CV-1610 -DAD-DMC (PC)

# TABLE OF AUTHORITIES

**CASES**

*Anderson v. Hansen*
   2013 WL 4676212, at *3 (E.D. Cal. Aug. 30, 2013) ................................................................ 15

*April Enter., Inc. v. KTTV and Metromedia, Inc.*
   147 Cal. App. 3d 805 (1983) .................................................................................................. 13

*Aschroft v. Iqbal*
   556 U.S. 662 (2009) ................................................................................................................ 11

*Bibeau v. Pac. Nw. Research Found. Inc.*
   188 F.3d 1105 (9th Cir. 1999) ................................................................................................ 13

*Bordanaro v. McLeod*
   871 F.2d 1151 (1st Cir. 1989) ................................................................................................. 15

*Eisenberg Vill. of Los Angeles Jewish Home for the Aging v. Suffolk Constr. Co., Inc.*
   53 Cal. App. 5th 1201 (2020) ................................................................................................. 13

*El Pollo Loco, Inc. v. Hashim*
   316 F.3d 1032 (9th Cir. 2003) ................................................................................................ 13

*Emrich v. Touche Ross & Co.*
   846 F.2d 1190 (9th Cir. 1988) ................................................................................................ 12

*Erickson v. Pardus*
   551 U.S. 89 (2007) .................................................................................................................. 11

*Estelle v. Gamble*
   429 U.S. 97 (1976) .................................................................................................................. 16

*Est. of Jackson v. City of Modest*
   No. 1:21-CV-0415 AWI EPG, 2021 WL 4819604, at *13 (E.D Cal. Oct. 14, 2021 ............... 11

*Farmer v. Brennan*
   511 U.S. 825 (1994) ................................................................................................................ 16

*Hansen v. Black*
   885 F.2d 642, 645-46 (9th Cir. 1989) ............................................................................... 14, 15

4

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT D. BAUGHMAN'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

*Price v. Arturo Pacheco, et al.*     V. James DeSimone, Esq.
Case No.: 2:21-CV-1610 -DAD-DMC (PC)

*Helling v. McKinney*
   509 U.S. 25 (1993) ........................................................................................................ 16

*Hudson v. Palmer*
   468 U.S. 517 (1984) ...................................................................................................... 16

*Jolly v. Eli Lilly & Co*
   44 Cal. 3d 1103 (1988) ................................................................................................. 13

*Lantzy v. Centex Homes*
   31 Cal. 4th 363 (2003) .................................................................................................. 12

*Lemire v. California Dep't of Corr. & Rehab.*
   726 F.3d 1062 (9th Cir. 2013) ...................................................................................... 17

*Lukovsky v. City & Cnty. of San Francisco*
   535 F.3d 1044 (9th Cir. 2008) ...................................................................................... 12

*Manguso v. Oceanside Unified Sch. Dist.*
   88 Cal. App. 3d 725 (1979) .......................................................................................... 13

*McDougal v. County of Imperial*
   942 F.2d 668 (9th Cir.1991) ......................................................................................... 11

*Parrish v. Nat'l Football League Players Ass'n*
   534 F. Supp. 2d 1081, 1089 (N.D. Cal. 2007) .............................................................. 13

*Shroyer v. New Cingular Wireless Servs. Inc.*
   622 F.3d 1035 (9th Cir. 2010) ...................................................................................... 11

*Starr v. Baca*
   652 F.3d 1202 (9th Cir. 2011) ................................................................................ 14, 15

*United States v. Kubrick*
   444 U.S. 111 (1979) ...................................................................................................... 13

*Wilson v. Seiter*
   501 U.S. 294 (1991) ...................................................................................................... 16

*Wind Dancer Prod. Grp. v. Walt Disney Pictures*
   10 Cal. App. 5th 56 (2017) ........................................................................................... 12

5

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT D. BAUGHMAN'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**
*Price v. Arturo Pacheco, et al.*                                                    V. James DeSimone, Esq.
Case No.: 2:21-CV-1610 -DAD-DMC (PC)

**REGULATIONS**

California Code of Regulations, title 15, section 3380.................................................................. 14

**RULES**

Federal Rules of Civil Procedure, rule 8(a)(2) ............................................................................ 11

**CODES**

42 United States Code section 1983 ................................................................................ 7,11,13,14

6

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT D. BAUGHMAN'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**
*Price v. Arturo Pacheco, et al.*                                                   V. James DeSimone, Esq.
Case No.: 2:21-CV-1610 -DAD-DMC (PC)

## I. INTRODUCTION

Plaintiff JoAnn Price, as successor in interest, has sufficiently alleged facts that would hold Baughman accountable for the death of Ronnie Price under 42 USC § 1983. While Warden at CSP Sac and prior to Ronnie Price's death, Baughman was aware that prison officials were assaulting inmates and that the prison officials abided by a code of silence to protect one another. Preliminarily, Baughman is estopped from bringing a statute of limitations defense as Plaintiff alleged Baughman's conduct (and the conduct of others) induced her into delaying the filing of this lawsuit. As Warden, Baughman was responsible for the next of kin notification following Ronnie Price's death. Plaintiff was informed that another inmate injured Mr. Price.[1] Defendant's argument that Baughman must have engaged in fraud to be equitably estopped is not supported by California law, which governs the inquiry.

Moreover, Plaintiff alleged that Baughman breached his duty of ensuring the proper treatment of inmates in his care —as outlined in the California Code of Regulations--- by acquiescing to and failing to prevent known eighth amendment violations. Accordingly, Plaintiff alleged sufficient facts to state a cause of action for supervisory liability under the eighth amendment for excessive force and individual liability under the eighth amendment failure to protect. Accordingly, Plaintiff respectfully requests this Court deny Defendant Baughman's motion to dismiss in its entirety.

## II. STATEMENT OF RELEVANT FACTS

Defendant David Baughman was, at all times mentioned, employed by CDCR, as Warden or Acting Warden of CSP Sac, which is a state-run prison under CDCR. Defendant Baughman was at all times mentioned responsible for the oversight, maintenance and policy making decisions of CSP Sac. He was at all relevant times herein responsible for setting and enforcing the policies, customs and practices of CSP Sac. In addition, defendant Baughman was responsible for the supervision, training and hiring of persons and employees working within CSP Sac including correctional officers and other employees within CSP Sac. Defendant Baughman is

---

[1] In the Second Amended Complaint Plaintiff alleged that, during the next of kin notification, Plaintiff was told that Mr. Price was lawfully killed by a correctional officer. However, Plaintiff was actually informed that another inmate injured price. Accordingly, Plaintiff requests leave to make this factual correction to the complaint.

7

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT D. BAUGHMAN'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**
*Price v. Arturo Pacheco, et al.*                                                    V. James DeSimone, Esq.
Case No.: 2:21-CV-1610 -DAD-DMC (PC)

sued in both his professional and individual/personal capacities for his own culpable action or inaction in the training, supervision or control of his subordinates, or for his acquiescence in the constitutional deprivations which this complaint alleges, or for conduct that showed a reckless or callous indifference to the rights of others**.** (Second Amended Complaint, Dkt. 36 at ¶ 14).

The code of silence is a term used to denote the informal code of silence among correctional [and other] officers not to report on a colleague's errors, misconducts, or crimes. (*Id*. at ¶ 22). CDCR employees, and specifically those assigned to CSP Sac, who violate the code of silence by reporting misconduct by their fellow officers are harassed and retaliated against. For example, in November 2016 a man named Milton Beverly, Jr., died while at CSP Sac. Correctional Officers claimed Beverly hung himself in his cell. However, one officer was prepared to testify another inmate confessed to murdering Beverly. According to that officer the evidence of the murder was covered up. The officer reported the misconduct to defendants Baughman and Lynch who failed to act. (*Id*. at ¶ 23). Beginning no later than 2016, one or more officers filed multiple reports with defendants Baughman and Lynch, as well as other high-ranking employees of CDCR, alleging rampant corruption and the continued existence of a "code of silence" within CSP Sac. Despite these reports, it took nearly two years for CDCR to complete its investigation into the allegations in the instant case. That allowed at least one defendant, Pacheco, to be sued for excessive force that occurred on a subsequent occasion. (*Id*. at ¶ 24).

On September 15, 2016, Mr. Price was assaulted by defendant Arturo Pacheco as defendant Pacheco and defendant Aurich escorted Mr. Price between buildings. (*Id*. at ¶ 25). On September 15, 2016, Defendant Pacheco was instructed by Sergeant Brenda Villa to move Mr. Price from a cell in Building 6A to a cell in Building 7A as part of a cell compaction. Building 6A and Building 7A are and were located on the grounds of CSP Sac, where Mr. Price was incarcerated. (*Id*. at ¶ 26). Defendant Pacheco and defendant Aurich went to Building 6A to get Mr. Price. Officer Pacheco informed Mr. Price he was being moved to another cell with a new cellmate. Mr. Price requested to be taken to Administrative Segregation instead of being housed with the proposed new cell mate. Mr. Price agreed to be handcuffed and escorted to Administrative Segregation. (*Id*. at ¶ 27). Defendants Pacheco, Aurich and Luna escorted Mr.

Price. Officer Lynch stayed behind to collect Mr. Price's belongings. Defendant Bigney opened the yard door for defendants Aurich, Luna and Pacheco. (*Id*. at ¶ 29). Defendant Pacheco informed Mr. Price he was being taken to his new cell. Mr. Price stated he was not going to the new cell and stopped walking. (*Id*. at ¶ 30). Defendant Pacheco squatted down, placed his shoulder on Mr. Price's buttock area, grabbed Mr. Price's quadriceps and pushed Mr. Price forward with his body weight. Mr. Price still had his hands handcuffed behind his back. Defendant Pacheco's unjustified use of force caused Mr. Price to fall violently forward onto his face impacting the concrete floor. (*Id*. at ¶ 31). The impact of Mr. Price's head striking the concrete floor caused him to break his jaw, several teeth and injure his right shoulder. (*Id*. at ¶32). Defendant Lopez and Officer Todd Jones relieved defendant Pacheco and escorted Mr. Price to medical. Medical staff immediately determined Mr. Price needed to be sent to UC Davis Medical Center to receive emergency medical. (*Id*. at ¶ 38).

Later on September 15, 2016, defendant Villa sent an email with the subject "IR 0824" to defendants Bigney, Pacheco, Aurich, Luna, Lopez and Officer Todd Jones regarding the incident with Mr. Price. (*Id*. at ¶ 39). Defendant Villa's email included a document titled "IR Price 0824.doc." The email contained the phrase "Resisting a Peace Officer Resulting in the UOF (Physical)." This email was sent to provide pertinent information for the incident reports. (*Id*. at ¶ 40). Although she was required to do so, defendant Villa did not submit a report about the incident. (*Id*. at ¶ 41). Despite the fact defendant Luna was present for the entire incident, defendant Villa intentionally did not collect a report from defendant Luna. (*Id*. at ¶ 42).

After the responding officers left the scene, defendant Villa spoke with defendants Pacheco, Aurich, Lopez and Bigney regarding who was going to be documented in the incident reports. (*Id*. at ¶ 43). There was an agreement between defendants Villa, Pacheco, Lopez, Aurich and Bigney not to include references to defendant Luna in the incident report. (*Id*. at ¶ 44). When questioned why defendant Luna was being omitted from the incident report, defendant Villa told defendant Aurich to "keep it between the Block" or words to that effect, referring to the fact defendant Luna worked in a different building. (*Id*. at ¶ 45). Defendant Villa's instructions to other officers to 'keep it between the Block" and omit references to defendant Luna was an act of

9

engaging in a code of silence and encouraging staff to do the same. (*Id*. at ¶ 46). Defendant Villa made substantive changes to several of these reports. (*Id*. at ¶ 47). The substantive changes removed factual information and/or added specific details which did not accurately reflect the events that occurred Defendants Lopez, Aurich, Pacheco and Bigney subsequently signed the falsified reports. (*Id*. at ¶ 49). Defendants Villa, Pacheco, Aurich, Bigney, Lopez and possibly other defendants, had conversations in person, via telephone and text messages regarding fabricating a cover story. (*Id*. at ¶ 50).

On or about September 17, 2016, Mr. Price died as a result of the assault by defendant Pacheco. The Sacramento County Coroner subsequently ruled Mr. Price's death a homicide. (*Id*. at ¶ 93).

On or about June 25, 2018, defendants Villa, Pacheco, Aurich, Luna, Lopez and Bigney were fired for lying in reports and interviews regarding the incident. (*Id*. at ¶¶ 51-75).

On or about February 19, 2017, defendant Lopez texted an unknown individual about the code of silence at CSP Sac. Defendant Lopez stated "LOL! Code of Silence homie" and "you know it." (*Id*. at ¶ 79). Defendants Baughman and Lynch became aware of defendant Lopez's text conversation no later than the Spring of 2017. Despite being aware of this conduct defendant Lopez continued to work at CSP Sacramento for more than another year. (*Id*. at ¶ 80). Defendant David Baughman began working for CDCR in 1991. At the time of Mr. Price's death, David Baughman was acting warden and had been with CDCR for roughly 25 years. (*Id*. at ¶ 85). Defendants Baughman and Lynch had actual and/or constructive knowledge of the Code of Silence at CSP Sac. (*Id*. at ¶ 86). Prior to Mr. Price's death, defendants Baughman and Lynch received reports from other correctional officers complaining of a culture of corruption. (*Id*. at ¶ 87).

On a date unknown, but before June 1, 2018, the Sacramento County Coroner's Office ruled Mr. Price's death a homicide. (*Id*. at ¶ 93). No later than June 1, 2018, and likely substantially before that date, defendants Baughman and Lynch knew Mr. Price died as a result of defendant Pacheco's conduct. (*Id*. at ¶ 94). No later than June 1, 2018, and likely substantially before that date, defendants Baughman and Lynch were also aware that defendants Pacheco, Aurich, Villa,

Luna, Bigney and Lopez lied and conspired to cover-up the true circumstances surrounding Mr. Price's death. (*Id*. at ¶ 95).

### III. STANDARD

Federal pleading rules call for a "short and plain statement of the claim showing that pleader is entitled to relief." (Fed. R. Civ. P. 8(a)(2).) In considering a 12(b)(6) motion, the court must "accept as true all of the factual allegations contained in the complaint", construing the pleadings in the light most favorable to Plaintiffs. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court may dismiss claims "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs. Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010). Plaintiff must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face", allowing a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### IV. LEGAL ARGUMENT

**A. Plaintiff Should Not Be Precluded From Bringing the Suit Based on the Statute of Limitations**

**i. Defendant Baughman is Estopped from Asserting a Statute of Limitations Defense Because His Conduct Induced Reliance**

Plaintiff's Second Amended Complaint states facts which estop Baughman from relying on the limitations period. Plaintiff agrees that the applicable statute of limitations is governed by California law. The Ninth Circuit has repeatedly held that the applicable limitations period for § 1983 actions is contained in the general personal injury statute. *See, e.g., McDougal v. County of Imperial*, 942 F.2d 668, 672 (9th Cir.1991) ("because § 1983 actions are best characterized as actions for injuries to personal rights, courts should borrow the state statute of limitations that applies to personal injury actions.") "Although the Ninth Circuit has not consistently cited to or relied on California's equitable estoppel law in § 1983 cases ….[] the general rule is that federal courts borrow state law equitable doctrines in relation to borrowed state law statutes of limitation. *Est. of Jackson v. City of Modesto*, No. 1:21-CV-0415 AWI EPG, 2021 WL 4819604, at *13

(E.D. Cal. Oct. 14, 2021)(internal citations and quotations omitted), *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1199 (9th Cir. 1988)("Where a district court applies or borrows a state statute of limitations, it is also required to apply the state's equitable exceptions, to the extent these are consistent with federal law.") In *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044 (9th Cir. 2008) the Ninth Circuit found that "California equitable estoppel is thus similar to and not inconsistent with federal common law…." *Id*. at 1052.

Baughman incorrectly implies, without citation to case law, that there <u>must</u> be a finding that Baughman fraudulently withheld information in order to be equitably estopped from asserting the statute of limitations defense. "But " [a]n estoppel may arise although there was no designed fraud on the part of the person sought to be estopped. To create an equitable estoppel, "it is enough if the party has been induced to refrain from using such means or taking such action as lay in his power, by which he might have retrieved his position and saved himself from loss." ... "... Where the delay in commencing action is **induced by the conduct of the defendant** it cannot be availed of by him as a defense." *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 384 (2003), *as modified* (Aug. 27, 2003)(internal citations and quotations omitted).

"Under the doctrine of estoppel, "[a] defendant may be equitably estopped from asserting a statutory or contractual limitations period as a defense if the defendant's act or omission caused the plaintiff to refrain from filing a timely suit and the plaintiff's reliance on the defendant's conduct was reasonable. It is not necessary that the defendant acted in bad faith or intended to mislead the plaintiff. It is sufficient that the defendant's conduct in fact induced the plaintiff to refrain from instituting legal proceedings." *Wind Dancer Prod. Grp. v. Walt Disney Pictures*, 10 Cal. App. 5th 56, 79 (2017)(internal citations omitted). Accordingly, Plaintiff only needs to allege that Plaintiff relied on Baughman's conduct that made her believe it was not necessary to file a lawsuit. *Id*.

Pursuant to CDCR Health Care Department Operations Manual 3.1.19, Baughman was required to contact Price's next of kin upon his death. Accordingly, Baughman—who was Warden at the time of the incident—was responsible for ensuring the next of kin was notified of

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT D. BAUGHMAN'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**
*Price v. Arturo Pacheco, et al.* V. James DeSimone, Esq.
Case No.: 2:21-CV-1610 -DAD-DMC (PC)

the death. (Dkt. 38-2). Plaintiff was informed that Mr. Price was injured by another inmate.[2] Therefore, upon information and belief, Baughman was responsible for the content of the next of kin notification in which Plaintiff was induced to believe the death was not due to an assault by a correctional officer. Accordingly, Plaintiff was induced by Baughman's conduct to believe that there was no action to commence. Plaintiff should not be precluded from discovery pertaining to Baughman's role in the notification. In the event this Court is inclined to grant the motion to dismiss, Plaintiff respectfully request leave to amend to further explain how the next of kin notification, of which Baughman was responsible for, induced reliance.

### ii. The Action is Not Time Barred Due to the Delayed Discovery Rule

California's discovery rule "permits delayed accrual [of a cause of action] until a plaintiff knew or should have known of the wrongful conduct at issue.*" El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1039 (9th Cir. 2003) (quoting *April Enter., Inc. v. KTTV and Metromedia, Inc.,* 147 Cal. App. 3d 805, 832 (1983))); *see also Manguso v. Oceanside Unified Sch. Dist*., 88 Cal. App. 3d 725, 730 (1979) ("It is not the policy of the law to unjustly deprive one of his remedy."). "The discovery rule has [also] been observed as a matter of federal law." *Bibeau v. Pac. Nw. Research Found. Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999) (*citing United States v. Kubrick*, 444 U.S. 111, 120 (1979)).

"To rely on the discovery rule, a plaintiff must plead specific facts describing the time and manner of discovery and the inability to have discovered the claim earlier despite due diligence." *Parrish v. Nat'l Football League Players Ass'n*, 534 F. Supp. 2d 1081, 1089 (N.D. Cal. 2007). The rule is "an equitable rule, intended to avoid unjustly depriving plaintiffs of a remedy for their injuries when they have been diligent in seeking to protect their rights." *Eisenberg Vill. of Los Angeles Jewish Home for the Aging v. Suffolk Constr. Co., Inc.*, 53 Cal. App. 5th 1201, 1213 (2020), review denied (Nov. 24, 2020). [I]t is the discovery of facts, not their legal significance, that starts the statute." *Jolly v. Eli Lilly & Co*, 44 Cal. 3d 1103, 1109 (1988).

Here, Plaintiff alleged that she had no knowledge of the facts surrounding Mr. Price's

---

[2] Plaintiff alleged that Mr. Price's next of kin was informed he died after resisting lawful commands by a correctional officer. (SAC at ¶ 92). As mentioned above, Plaintiff respectful request leave to correct this fact.

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT D. BAUGHMAN'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**
*Price v. Arturo Pacheco, et al.*       V. James DeSimone, Esq.
Case No.: 2:21-CV-1610 -DAD-DMC (PC)

death until the events were reported in the news in late July 2022. (SAC ¶117-119). Plaintiff was informed by a prison official that Mr. Price was injured by an inmate and had no ability to investigate the claim due to the cover up and investigations all taking place within the prison system. (SAC ¶47-77, 121-122). Accordingly, the statute began accruing in July 2022 and the complaint was therefore timely filed.

**B. Plaintiff Has Stated a Claim Against Baughman in His Supervisory Capacity for Violation of the Eighth Amendment-Right to Be Free From Excessive Force**

    **i. Baughman Was Responsible for the Treatment of Inmates in His Charge**

Baughman may be properly held liable in his supervisory capacity. Under 42 USC 1983 a supervisor can be held liable in his or her individual capacity under only if (1) []he personally participated in the constitutional violation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989). "[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present, and the plaintiff was deprived under color of law of a federally secured right." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (internal citations and quotations omitted).

California Code of Regulations places a duty on Defendant Warden Baughman to ensure the safekeeping of prisoners. "The warden or superintendent of an institution of the department is the chief executive officer of that institution, and is responsible for the custody, treatment, training and discipline of all inmates under his or her charge." Cal. Code Regs. tit. 15, § 3380. Here, Plaintiff sufficiently alleged that Baughman breached his duty of ensuring the proper treatment of inmates in his care by acquiescing to known eighth amendment violations.

    **ii. Plaintiff Has Alleged that Baughman Was Culpably Indifferent to Constitutional Violations**

Plaintiff alleged that Baughman is culpable based on his inaction in control of his subordinates. Supervisory liability may attach where a plaintiff alleges facts demonstrating the supervisor knew of violations of the kind that affected the plaintiff and failed to act to prevent

them, or promulgated or implemented a policy so deficient that the policy itself was the moving force of the violation. *Hansen* at 646 (9th Cir. 1989). As *Starr v. Baca* clarifies, the requisite supervisory "participation" may include the supervisor's own culpable inaction or culpable knowledge and acquiescence of the unconstitutional actions of his subordinates more generally. 652 F.3d 1202, 1207 (9th Cir. 2011). Thus, Plaintiff is not required to allege Baughman knew of the specific threat posed by Pacheco in September 2018. It is sufficient for Plaintiff to plead facts allowing the Court to reasonably infer Baughman had notice of the type of problem that proximately caused Plaintiff's death.

Plaintiff sufficiently alleged that Baughman violated the Eighth Amendment's protection against cruel and unusual punishment by ignoring his subordinates' use of force. Plaintiff alleged that Baughman was aware his guards were assaulting inmates prior to Price's death yet did not stop the behavior. (SAC at ¶ 123). Plaintiff further alleged that Baughman was aware that his subordinates followed a "code of silence", which he reasonably should have known would cause his subordinates to freely inflict constitutional injuries knowing they would be "protected." (SAC at ¶30-50, 86).

If the Court is inclined to grant the motion to dismiss Plaintiff respectfully requests leave to amend to include allegations that Baughman knew or should have known that four months prior to Price's death Pacheco pepper-sprayed a calm and compliant 54-year-old prisoner at close range, leaving him temporarily blind --thereby engaging in excessive force—yet did nothing to stop the behavior thereby showing a reckless or callous indifference to the deprivation by the subordinate of the rights of others. *Larez,* 946 F.2d at 646 (quoting *Bordanaro v. McLeod*, 871 F.2d 1151, 1163 (1st Cir. 1989)), *see also see also Anderson v. Hansen*, 2013 WL 4676212, at *3 (E.D. Cal. Aug. 30, 2013) ("[a] prison official may be held liable for failing to protect an inmate from a prison guard if he knew of an excessive risk to inmate health or safety posed by the ... prison guard and disregarded that risk.")

15

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT D. BAUGHMAN'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**
*Price v. Arturo Pacheco, et al.*                                          V. James DeSimone, Esq.
Case No.: 2:21-CV-1610 -DAD-DMC (PC)

### C. Plaintiff Has Stated a Claim Against Baughman in His Individual Capacity for Violation of the Eighth Amendment-Failure to Protect

The Eighth Amendment imposes on prison officials a duty to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer*, 511 U.S. at 828 (citing *Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); and *Estelle v. Gamble*, 429 U.S. 97 1976)). "While *Estelle* establishes that deliberate indifference entails something more than mere negligence, the cases are also clear that it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*. at 835.

"The Eighth Amendment imposes a duty on prison officials to protect inmates from violence.... A prison official violates this duty when two requirements are met. First, objectively viewed, the prison official's act or omission must cause a substantial risk of serious harm. Second, the official must be subjectively aware of that risk and act with deliberate indifference to inmate health or safety. In other words, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Cortez*, 776 F.3d at 1050 (9th Cir. 2015) (internal quotations and citations omitted). As discussed above, Plaintiff alleged that Baughman's failure to take action regarding his officials assaulting prisoners and the culture of silence creates a substantial risk of serious harm. (SAC at ¶ 30-50, 86,123). Moreover, Plaintiff alleged that Baughman had the requisite knowledge that the culture at the prison created a substantial risk of harm to someone in Decedent's position. (*Id.*)

Defendant argues, without citation to case law, that Baughman must have known that Defendant would harm the Decedent. This is not the requirement under a deliberate indifference claim. Again, the key question in the deliberate indifference claim is whether Baughman knew that a policy or condition at the prison would pose a risk to someone in Decedent's situation and

16
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT D. BAUGHMAN'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**
*Price v. Arturo Pacheco, et al.* V. James DeSimone, Esq.
Case No.: 2:21-CV-1610 -DAD-DMC (PC)

that the policy or situation caused harm. *See Lemire v. California Dep't of Corr. & Rehab.,* 726 F.3d 1062, 1078 (9th Cir. 2013).

## V. CONCLUSION

Based on the foregoing, Plaintiff respectfully request that this Court deny Defendant's Motion to Dismiss. In the event that the Court is inclined to grant Defendant's motion, Plaintiff respectfully requests leave to be granted to file an amended complaint.

Date: October 4, 2023 **V. JAMES DESIMONE LAW**

By: _____
V. JAMES DESIMONE, ESQ.

Attorneys for Plaintiffs,

JOANN PRICE, successor in interest to Ronnie Price, deceased; and the ESTATE OF RONNIE PRICE; and his successors in interest