ROB BONTA, State Bar No. 202668
Attorney General of California
JAY M. GOLDMAN, State Bar No. 168141
Supervising Deputy Attorney General
RYAN T. GILLE, State Bar No. 262105
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-4454
 Fax:  (415) 703-5843
 E-mail:  Ryan.Gille@doj.ca.gov
*Attorneys for Defendants*
*J. Lynch and D. Baughman*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **JoAnn Price, et al.,**<br><br>Plaintiff,<br><br>v.<br><br>**Arturo Pacheco, et al.,**<br><br>Defendants. | 2:22-cv-1610-DAD-DMC (PC)<br><br>**DEFENDANT D. BAUGHMAN'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: November 1, 2023<br>Time: 10:00 a.m.<br>Judge: Hon. Dennis M. Cota<br>Trial Date: N/A<br>Action Filed: September 14, 2022 |

**INTRODUCTION**

While Plaintiff has had the benefit of reviewing the Court's order on Defendant Lynch's Motion to Dismiss, her opposition raises no new argument or case law that would yield a different result.  Instead, Plaintiff's Opposition is nearly identical to the one filed in Defendant Lynch's motion to dismiss.  Namely, Plaintiff again argues that she need not show any direct relationship between the alleged fraud and the Defendants, but fails to address the absence of any allegations that Baughman mislead Plaintiff or that he directly caused Plaintiff to forego pursuing a lawsuit prior to the expiration of the statute of limitations.  The Opposition again fails to cite any case law that would make a party liable for another party's alleged fraud.  The Opposition further failed to demonstrate how vague or generalized allegations of responsibility and knowledge of misconduct

1

1  are sufficient to state a failure to train or protect claim.  Thus, Plaintiff's second amended

2  complaint against Defendant Baughman must be dismissed.  And it should be dismissed without

3  leave to amend because it would be futile as Plaintiff has already had three opportunities to

4  establish a viable claim against Defendant Baughman, but failed to do so.

## LEGAL ARGUMENT

**I. PLAINTIFF'S OPPOSITION FAILS TO ESTABLISH THAT SHE IS ENTITLED TO EQUITABLE TOLLING ON HER CLAIMS AGAINST DEFENDANT BAUGHMAN.**

Plaintiff argues in her opposition that Baughman is equitably estopped from asserting a statute of limitations defense because his conduct induced Plaintiff to refrain from filing a lawsuit at an earlier date. (ECF No. 90, pp. 11-13.)  In support of this argument, Plaintiff relies heavily on *Lantzy v. Centex Homes* (2003) 31 Cal. 4th 363, as modified (Aug. 27, 2003) and *Wind Dancer Production Group v. Walt Disney Pictures* (2017) 10 Cal.App.5th 56.  However, neither of these cases are persuasive and Plaintiff fails to provide legal precedent holding that an individual defendant can be vicariously responsible for another defendant's fraud.

Plaintiff cites to the *Lantzy*, where the California Supreme Court held that the Plaintiff was not entitled to equitable estoppel.  In that case, homeowners sued the developer and others for latent defects in the construction of their homes. *Lantzy*, 31 Cal.4th at 366.  The homeowners failed to bring suit within the time prescribed by the statute of limitations, but argued that the developer was equitably estopped from asserting the statute of limitations because the developer had repeatedly promised to repair damage to the homes. *Id*. at 385.  The California Supreme Court held that such allegations were insufficient to estop the developer from asserting the statute of limitations as a defense because the complaint was "devoid of any indication that defendants' conduct actually and reasonably induced plaintiffs to forbear suing within the [applicable statute of limitations]." *Id*. at 385 (italics omitted).  Moreover, the Supreme Court observed, the conduct the homeowners complained about occurred "well before the statute of limitations ran out," and "there is no claim that the inadequacy of these repairs, or the falsity of defendants' alleged ... representations, remained hidden until after the limitations period had passed.  Hence, plaintiffs

have pled no facts indicating that defendants' conduct directly prevented them from filing their suit on time." (*Ibid.*, fn. omitted.)

*Wind Dancer* is even less persuasive because it involved equitable estoppel of a contractual provision, not a statute of limitations. *Wind Dancer,* 10 Cal.App.5th at 78-79. It also dealt with other facts not related to this case including oral tolling agreements between the parties and prior failures by the defendants to enforce an incontestability clause.

Here, Plaintiff contends that there is no case law requiring a party to "partake in the misrepresentation." (ECF 90, p. 12:7-15.) However, Courts only find tolling when the defendant is the one who made misrepresentations or fraudulently withheld information. *UA Local 343 v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465 (9th Cir. 1994) ( statute of limitations was equitably tolled for the plaintiff because the defendant lied about the merits of plaintiff's lawsuit and plaintiff reasonably relied upon those misrepresentations in not timely filing suit.); see also, *Estate of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011); *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176-77 (9th Cir. 2000) (equitable estoppel in the statute of limitations context applied when the defendant engaged in fraudulent concealment.). In fact there is no case law where a defendant is estopped from asserting the statute of limitations defense due to fraud by a separate defendant, because personal participation is the key element.

There is no allegation that Baughman fraudulently concealed any claims and there are no allegations that he made representations to Plaintiff about the merits of her claim against any of the defendants. There are also no allegations that Baughman engaged in any conduct upon which Plaintiff could have relied in evaluating the potential merit of her claims against any other defendant. Most importantly, there are no allegations that Baughman lied or concealed evidence of the decedent's cause of death from Plaintiff. Rather, Plaintiff's sole claim in this regard is that Baughman knew, or should have known that other defendants lied *after* they submitted their reports and never contacted Plaintiff. Even if this is true, such an act would not constitute conduct by Baughman because such an act does not constitute fraudulent concealment.

As argued in the moving papers, Baughman is not equitably stopped from asserting the statute of limitations as a bar to Plaintiff's claims against him because Baughman did not

fraudulently conceal the merits of the claims. Accordingly, Plaintiff's claims against Baughman are barred by the statute of limitations and must be dismissed.

## II. PLAINTIFF'S RELIANCE ON CDCR HEALTH CARE DOM SECTION 3.1.19 CONTINUES TO BE MISPLACED.

Plaintiff argues that Baughman is estopped from asserting the statute of limitations because Baughman was required to notify the next of kin about the death under California Department of Corrections and Rehabilitation Health Care Department Operations Manual (DOM) Section 3.1.19. (ECF No. 90, pp. 12:25-13:8.) Plaintiff alleges that she was induced to believe that the decedent died after resisting lawful commands by a correctional officer. (ECF No. 36, ¶92; ECF No. 90, p. 13:2-4.) This argument fails for three reasons.

First, assuming the allegation is true, there is no allegation explaining how that statement induced her to not pursue a claim. There are hundreds, if not thousands of lawsuits every year in which people, or their estate, file lawsuits against law enforcement agencies, despite the fact that the officer's report states a use of force incident occurred after someone resisted lawful commands. In fact, there is no allegation that Plaintiff ever requested or saw the report at any time, or that she conducted even a minimal inquiry regarding the cause of death.

Second, there are no allegations that Baughman actually said anything to the Plaintiff. Nevertheless, without any authority for the proposition, Plaintiff argues that Baughman was responsible for the content of the next of kin notification even if he did not personally notify the Plaintiff. (ECF No. 90, p. 13:1-5.) But there is nothing in the Health Care DOM making Baughman responsible for, or requiring him to approve, the content of the next of kin notification. It only requires that a next of kin be notified of a death or serious bodily injury by the warden or his designee. Thus, if someone else made the notification, Baughman is not vicariously liable for the content of that message.

Third, and perhaps most important, there is no allegation that Plaintiff was the next of kin. Plaintiff Joanne Price is the party pursuing the claim and is claiming she was lied to by the Defendants, which caused her to refrain from filing a claim. Interestingly, she never identifies herself as the next of kin, nor does she allege that any defendant lied or misrepresented the

circumstances behind the incident to her. So, assuming Plaintiff's allegations are true, as must be done for purposes of a motion to dismiss, she was never misled or dissuaded from filing a lawsuit based on the next of kin notification. So, Plaintiff cannot claim being misled about the notification, because she was never notified. Thus, Plaintiff cannot rely on any claim that the next of kin notification provides a basis for estoppel.[1]

### III. EVEN IF THE STATUE OF LIMITATIONS IS TOLLED, PLAINTIFF FAILED TO REBUT DEFENDANT BAUGHMAN'S ARGUMENT THAT SHE FAILED TO STATE A CLAIM FOR SUPERVISOR LIABILITY OR FAILURE TO PROTECT.

Failure to train or to supervise may amount to deliberate indifference if the need for training or supervision was obvious and the failure to do so made a constitutional violation likely. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Mere negligence in training or supervision does not rise to the level of deliberate indifference. *Id.* And "'only where the failure to train amounts to deliberate indifference to the rights of the persons with whom the [subordinates] come into contact'" is there a basis for liability under Section 1983. *Moncrief v. California Dep't of Corr. & Rehab.*, No. 212CV0414MCEACP, 2017 WL4284664, at *8 (E.D. Cal. Sept. 27, 2017). As with all forms of supervisory liability, plaintiffs must show that the individual supervisor had knowledge that their failure to train is deficient.

The cases in which supervisors have been held liable under a failure to train/supervise theory involve conscious choices made with full knowledge that a problem existed. *Doe v. City of San Diego*, 35 F.Supp. 3d 1214, 1229 (S.D. Cal. 2014) (stating that a plaintiff generally cannot demonstrate a supervisor's deliberate indifference by pointing to a single incident). To premise a supervisor's alleged liability on a policy promulgated by the supervisor, the plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. See, e.g., *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

---

[1] If the court is inclined to allow Plaintiff's lawsuit to proceed under the next of kin notification theory, Defendants request leave to file a limited summary adjudication motion on the issue in order to present evidence that Ms. Price was not identified by the decedent as a next of kin.

Plaintiff broadly and repetitively alleges that Baughman failed to train the officer Defendants on subjects such as the use of force and how to write reports, and simply states that this caused the decedent's death, or was closely related to a deprivation of Plaintiff's rights. (ECF 36 at ¶¶ 123-127.) But the operative complaint lacks any factual allegations to show that Baughman was in any way responsible for training, or had knowledge that any specific training of subordinates was deficient in any manner. Importantly, Plaintiff alleges that the reason that the other defendants allegedly lied on their reports was to cover-up a potential crime. (ECF 36 at ¶¶ 95, 110, 113, 116, and 117.) This is not a failure to train, it is a failure to perform that rests squarely on the defendants who allegedly engaged in the fraudulent conduct, not Baughman.

And the complaint does not contain factual allegations that show a causal link between a failure to train a named defendant, and the actions regarding the decedent. Instead, Plaintiff simply paints with an extremely broad and conclusory brush, stating Baughman failed to train the other defendants. As such, Plaintiff failed to allege facts to state a failure to train claim against any supervisory Defendant.

And Plaintiff's attempt to state a claim for civil-rights liability based on "custom, policy, or practice" is similarly flawed and must also be dismissed. (ECF 36 ¶¶ 13, 102, 103, 127, and 155.) Plaintiff generally lists several "customs, policies, and practices," (see generally ECF 36), but fails to allege any specific conduct by Defendant Baughman. (*Id.*) Plaintiff sidesteps factual allegations by inserting generalized claims that Baughman had either actual or constructive knowledge of deficient policies, practices and customs. (*Id.* at ¶¶ 84, 86, 123-127.) Such vague and conclusory allegations fail to state a claim for supervisory liability.

### IV. PLAINTIFF SIMILARLY FAILED TO PROVIDE ANY AUTHORITY TO SHOW THAT SHE ADEQUATELY PLED A FAILURE TO PROTECT CLAIM.

Plaintiff asserts in her opposition that she sufficiently alleged a failure-to-protect claim regarding the alleged assault on the decedent, simply based on vague claims that Baughman "knew or should have known" the conditions of confinement presented a risk to the decedent. (ECF 36 at ¶¶ 78, 84, 86-89, and 123-127.) But the operative complaint sets forth no facts specifying the actions that Baughman had a duty to perform, or failed to perform, prior to the

incident that led to the alleged constitutional violation, namely, the altercation between the correctional officer defendants and the decedent.  (*see generally* ECF 36.)  She also alleges that cameras should have been installed, but fails to allege that any defendant had a duty to install or monitor cameras, such that the lack of cameras breached any duty owed to protect the decedent.  (ECF 36, ¶ 147.)

Plaintiff cannot simply rely on the factually devoid assumption that, because Baughman was a warden at the prison, or that other defendants were later fired or prosecuted for misconduct, Baughman was aware, or should have been aware, of facts as to the inevitability of a spontaneous assault on the decedent, particularly when Baughman was not alleged to have witnessed, directed, or supervised the alleged incident, or directly supervised any of the defendants.  See *Vega v. Davis*, 572 F. App'x 611, 618 (10th Cir. 2014) ("[I]t is not plausible to infer that a warden is aware of everything that happens to each inmate in his custody."); *Sullivan v. Biter*, No. 1:15-cv-243-DAD-SAB, 2017 WL 1540256, at *1 (E.D. Cal. Apr. 28, 2017) ("Conclusory allegations that various prison officials knew or should have known about constitutional violations occurring against plaintiff simply because of their general supervisory role are insufficient to state a claim under 42 U.S.C. § 1983.").  Therefore, Plaintiff has failed to allege facts sufficient to state a failure to protect claim as to Defendant Baughman.

**V.   PLAINTIFF SHOULD NOT BE GIVEN A FOURTH OPPORTUNITY TO AMEND TO ATTEMPT TO CHANGE HER ALLEGATIONS.**

The Court should deny leave to amend because Plaintiff has had ample opportunity to properly plead a case and failed to do so.  Plaintiff filed an initial complaint, which was only amended as a matter of right after defense counsel met-and-conferred with Plaintiff's counsel and was forced to file a motion to dismiss.  (ECF 18, 20, and 29.)  After the first amended complaint was filed, Defendants filed a nearly identical motion to dismiss based on the same legal argument, namely the failure to adequately alleged facts that would toll claims against Defendants and the lack of factual allegations that would state a claim for failure to train or failure to protect.  (ECF 31.)  Defendants stipulated to allow Plaintiff leave to file a second amended complaint, presuming it would address the issues raised in the previous two motions to dismiss.  It did not

and now Baughman was forced to file the pending motion to dismiss Plaintiff's second amended complaint based on nearly identical issues raised in Defendant Lynch's motions to dismiss the original, first, and second amended complaints. (ECF 38.) Given Plaintiff's multiple attempts to allege plausible claims, granting further leave to amend would be futile. *Gonzalez v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.' ") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad."); see also *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Additionally, Plaintiff claims that she is entitled to leave to amend should the Court grant this motion, but she offers no suggestions or allegations, other than unspecified assurances, that the pleading defects can be cured. (ECF 40 at ECF p. 14:25-15:4 (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). A plaintiff may not in substance say "trust me," and thereby gain a license for further amendment when prior opportunities to amend had been given. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (no abuse of discretion to deny further leave to amend where plaintiff failed to identify facts that could cure the deficiencies in the complaint). Plaintiff should not be granted leave to amend against Defendant Baughman if his motion to dismiss is granted.

///

///

///

**CONCLUSION**

Plaintiff's complaint must be dismissed against Baughman because the claims against him are barred by the statute of limitations. Even if the claims are not time barred, there are insufficient allegations to support a Section 1983 claim against him. And because amendment would be futile, Defendant's motion should be granted without leave to amend.

Dated:  October 18, 2023                                  Respectfully submitted,

                                                                      ROB BONTA
                                                                      Attorney General of California
                                                                      JAY M. GOLDMAN
                                                                       Supervising Deputy Attorney General

                                                                      */s/ Ryan T. Gille*

                                                                      RYAN T. GILLE
                                                                       Deputy Attorney General
                                                                       *Attorneys for Defendants*
                                                                       *J. Lynch and D. Baughman*

SA2022402270
43923327.docx43923327.docx

# CERTIFICATE OF SERVICE

Case Name:  *Price, et al.  v. Pacheco, et al.*       No.   **2:22-cv-1610-DAD-DMC (PC)**

I hereby certify that on October 18, 2023, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT D. BAUGHMAN'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On October 18, 2023, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Arturo Pacheco**
**P.O. Box 27811**
**Sacramento, CA 95827**

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 18, 2023, at San Francisco, California.

|  |  |
|---|---|
| M. Paredes | */s/ M. Paredes* |
| Declarant | Signature |

SA2022402270
43923469.docx