DIANNA L. ALBINI, SBN 152273
WADE LAW GROUP
A Professional Corporation
262 E Main Street
Los Gatos, CA 95030
Tel: (408) 842-1688
Fax: (408) 549-1612
Email: dalbini@wadelitigation.com

Attorneys for Defendant/Cross-Complainant
ARTURO LUNA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN PRICE, successor in interest to Ronnie Price, deceased; and the ESTATE OF RONNIE PRICE; and his successors in interest,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ARTURO PACHECO, ASHLEY MARIE AURICH, JEFFREY BIGNEY, ARTURO LUNA, DORIAN LOPEZ, BRENDA VILLA, DAVID BAUGHMAN, JEFFREY LYNCH, and DOES 1 through 15, inclusive, in their official and personal/individual capacities,<br><br>　　　　　Defendants.<br><br>ARTURO LUNA, in his official and personal/individual capacities,<br><br>　　　　　Cross-Complainant,<br><br>　　v.<br><br>ARTURO PACHECO, ASHLEY MARIE AURICH, JEFFREY BIGNEY, DORIAN LOPEZ, BRENDA VILLA, DAVID BAUGHMAN, JEFFREY LYNCH, and DOES 1 through 15, inclusive, in their official and personal/individual capacities,<br>　　　　　Cross-Defendants. | Case No.: 2:22-cv-01610-DAD-DMC<br><br>**DEFENDANT/CROSS-COMPLAINANT ARTURO LUNA'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Date: January 10, 2024<br>Time: 10:00 a.m.<br>Judge: Hon. Dennis Cota<br><br>Action Filed: September 14, 2022<br>Trial Date: TBD |

## INTRODUCTION

Plaintiff's leave to file a third amended complaint should be denied because the amendments do not change the analysis that the statute of limitations was not tolled as to Defendant Arturo Luna. Plaintiffs have failed to satisfy the factors warranting amendment that are set forth in *Foman v. Davis* (1962) 371 U.S. 178, including repeated failure of previous amendments and futility of the amendment. Finally, the order allowing Plaintiffs an opportunity to file this motion limited the amendments to correct errors concerning notice provided to Mr. Price's next of kin. But Plaintiff impermissibly exceeded this allowance by adding several news causes of action against Defendant Arturo Luna. Accordingly, Plaintiff's motion for leave to amend should be denied.

## LEGAL ARGUMENT

In deciding whether to grant leave to amend or supplement, courts consider the *Foman* factors: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Foman v. Davis*, 371 U.S. 178 (1962); *Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015) ("The legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as for amending one under 15(a).") (citation omitted). Although prejudice to the opposing party "carries the greatest weight[,] ... a strong showing of any of the remaining *Foman* factors" can justify the denial of leave to amend. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). And although Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires," it "is not to be granted automatically." *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir. 1990).

### I. PLAINTIFF'S PROPOSED AMENDMENT FAR EXCEEDS WHAT WAS ALLOWED BY THE COURT'S ORDER.

The Court directed Plaintiff to file a formal motion for leave to amend following Plaintiff's narrow request in their opposition brief that they be permitted to amend the operative second amended complaint to correct errors contained therein *concerning notice provided to Mr. Price's next of kin* [emphasis added]. (ECF No. 104.) Instead, Plaintiff has inserted numerous new

allegations, including two new causes of action against Baughman and Lynch (ECF No. 107-3, pp. 28, 30.) Defendant Arturo Luna objects to the expansive proposed amendments as far exceeding what was discussed at the hearing and what is contained within the court order. And for the reasons stated below, even if the court did entertain consideration of the additional causes of action, amendment would be futile because Plaintiff has not complied with the Government Claims Act in order to file a state tort claim and the allegations fail to state a claim.

## II. AMENDING THE COMPLAINT A THIRD TIMEWOULD BE FUTILE BECAUSE THE NEW ALLEGATIONS DO NOTWARRANT TOLLING THE STATUTE OF LIMITATIONS.

Like the previous two complaints, Plaintiff's proposed third amended complaint does not establish a basis for tolling the statute of limitations against Defendant Arturo Luna. The gravamen of Plaintiff's allegation is that the next of kin (NOK) was improperly notified. In this fourth iteration of the complaint, Plaintiff alleges the following facts for the first time that are pertinent to Arturo Luna:

- that a member of the prison's Investigative Services Unit team informed Plaintiff that Mr. Price died as a result of an inmate-on-inmate altercation. (ECF No. 107-3, ¶ 41.)
- that Steele provided her a 916 area code number to call for further information and that she tried to call 20-30 times without any answer. (*Id*.)
- "Upon information and belief, Arturo Luna intentionally concealed the truth, and Plaintiff was therefore unable to discover the truth regarding what happened to Mr. Price." (*Id*. at ¶ 95.)
- "Upon information and belief, Arturo Luna knew or should have known that Pacheco was falsifying the reports to cover up excessive force." (*Id*. at ¶ 102.)

Here, the issue of NOK notification plays the biggest role in Plaintiff's attempt to keep Baughman and Lynch in the case. It is undisputed that neither Baughman, nor Lynch, made the NOK notification to Plaintiff. Thus, there is no allegation the either of them made misleading comments to her.

The analysis regarding Plaintiff's duty to investigate the assault does not change regardless

of whether Plaintiff now alleges that she was told Mr. Price was killed by an inmate during a fight (failure to protect) versus by a correctional officer while resisting arrest (excessive force.) Under either instance, there is a potential cause of action that requires investigation. And while she alleges that she made calls to an unidentified 916 number, it does not identify any additional steps taken, such as looking up CSP-Sacramento's main phone number on the internet, contacting the hospital where Mr. Price passed away or contacting CDCR headquarters directly.

Plaintiff's theory also makes the allegation that Arturo Luna should have updated the NOK regarding the manner in which the death occurred. But there is no allegation of a continuing duty, nor is there any statutory or case law they cite which imposes such a duty. There is also no allegation that Arturo Luna was even aware of the alleged misrepresentation, which would put them on notice that further contact with the NOK was necessary. The amended allegations also fail to explain why there would be a continuing duty owed under CDCR Health Care Department Operations Manual 3.1.19 even though Mr. Price was no longer in CDCR custody. But if there were such a duty, Plaintiff has to decide which one owed the duty, but Baughman and Lynch cannot both be required to contact Plaintiff.

### III. PLAINTIFF'S RELIANCE ON EQUITABLE TOLLING PRINCIPALS IS NOT PERSUASIVE.

Plaintiff continues to rely on *Wind Dancer Production Group v. Walt Disney Pictures* 10 Cal.App.5th 56 (2017), for the proposition that Arturo Luna is equitably estopped from asserting the statute of limitations defense because their conduct induced Plaintiff to refrain from filing a lawsuit at an earlier date. (ECF No. 107, p. 6.) However, this case is not persuasive, because it involved equitable estoppel of a contractual provision, not a statute of limitations. *(Wind Dancer,* 10 Cal.App.5th at 78-79.) It also dealt with other facts not related to this case including oral tolling agreements between the parties and prior failures by the defendants to enforce an incontestability clause. (*Id.*) These arguments were raised in the last motion to dismiss and Plaintiff has still failed to provide any legal precedent that an individual defendant can be vicariously responsible for another individual's fraud.

**IV. PLAINTIFF'S NEW PROPOSED AMENDMENTS WITH NEW CLAIMS AGAINST ARTURO LUNA ARE ALSO FUTILE BECAUSE SHE DID NOT SEEK RELIEF UNDER THE GOVERNMENT CLAIM ACT AND THE NEW CONCEALMENT CLAIM DOES NOTMEET RULE 9 REQUIREMENTS.**

It would be futile to allow Plaintiff to amend to include a state law wrongful death claim. As Plaintiff readily admits in her allegations, she "did not and could not file a claim under California Tort Claims Act Government Code sections 810, et seq." (*Id*. at ¶ 114.) She has also not alleged that she is excused from filing it. Accordingly, she cannot pursue this cause of action.

Allowing leave to amend the complaint to add the concealment claim would also be futile. These allegations, which sound in fraud, must meet the heightened pleading standards required by Federal Rule of Civil Procedure 9(b). Here there are insufficient factual, as opposed to conclusory, allegations that Arturo Luna intentionally concealed anything from Plaintiff. There are simply allegations based on information and belief. Moreover, the allegations enumerated after the cause of action are completely devoid of any specific facts that would support the claim. (ECF No. 107-3, ¶¶ 192-200.)

## CONCLUSION

For the forgoing reasons Plaintiff's motion for leave to file a third-amended complaint should be denied.

DATED: January 4, 2023              **WADE LAW GROUP, APC**

*Dianna L. Albini*
DIANNA L. ALBINI
Attorney for Defendant/Cross-Complainant,
ARTURO LUNA

**ORDER**

Good cause appearing, the hearing on Plaintiff's motion for leave to file a third amended complaint (ECF No. 107), currently on calendar for January 10, 2024, at 10:00 a.m., will be held via remote appearance, and counsel for defendant/cross-complainant Arturo Luna, may appear remotely.

**IT IS SO ORDERED.**

DATED: _____.   _____
UNITED STATES MAGISTRATE JUDGE