IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JoANN PRICE, et al., | No. 2:22-CV-1610-DAD-DMC-P |
| Plaintiffs, | |
| v. | <u>ORDER</u> |
| ARTURO PACHECO, et al., | |
| Defendants. | |

Plaintiffs, who are proceeding with retained counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiffs are the estate and successor-in-interest of Ronnie Price, who is deceased. Pending before the Court is Plaintiffs' motion for leave to file a third amended complaint, ECF No. 107. Defendants have filed oppositions, ECF Nos. 111 and 122. Plaintiffs have filed a reply, ECF No. 112. Defendants have filed objections to Plaintiffs' reply, ECF No. 113.

The parties appeared for a hearing before the undersigned via Zoom on January 10, 2024, at 10:00 a.m. Ryann Hall, Esq., appeared for Plaintiffs. Ryan Gille, Esq., Dianna Albini, Esq., and Derek Ulmer, Esq., appeared for various Defendants. After discussions with counsel, the matter was submitted.

/ / /

/ / /

## I. PLAINTIFFS' ALLEGATIONS

This action currently proceeds on Plaintiffs' second amended complaint. See ECF No. 36. Plaintiffs name the following as defendants: (1) Arturo Pacheco; (2) Ashley Aurich; (3) Jeffrey Bigney; (4) Arturo Luna; (5) Dorian Lopez; (6) Brenda Villa; (7) Jeffrey Lynch; and (8) David Baughman. See id. at 2-4. All Defendants are alleged to be employees of the California Department of Corrections and Rehabilitation (CDCR). See id.

Plaintiffs allege that the CDCR Health Care Department Operations Manual, section 2.1.19, requires the prison warden or his/her designee to notify an inmate's next of kin within 24 ours of the death, serious illness, or serious injury of the inmate. See id. at 6. According to Plaintiffs, Mr. Price was assaulted on September 15, 2016, by Defendant Pacheco as Mr. Price was being escorted between buildings by Pacheco and Defendant Aurich. See id. Mr. Price was being moved from Building 6A to Building 7A on instructions from Defendant Villa. See id. Mr. Price asked to be taken to Administrative Segregation rather than move to Building 7A to be housed with a new cellmate. See id. at 6-7. Mr. Price agreed to be handcuffed and escorted to Administrative Segregation. See id. at 7. Plaintiffs allege that Defendant Luna and Officer Roger Lynch were present for this conversation. See id. While Defendants Pacheco, Aurich, and Luna escorted Mr. Price, Officer Lynch remained behind to collect Mr. Price's belongings. See id.

As Mr. Price was being escorted, Defendant Pacheco informed him that he was being taken to his new cell in Building 7A instead of Administrative Segregation. See id. Upon being so informed, Mr. Price stated he was not going to a new cell and stopped walking. See id. According to Plaintiffs:

> 31.  Defendant Pacheco squatted down, placed his shoulder on Mr. Price's buttock area, grabbed Mr. Price's quadriceps and pushed Mr. Price forward with his body weight. Mr. Price still had his hand handcuffed behind his back. Defendant Pacheco's unjustified use of force caused Mr. Price to fall violently forward onto his face impacting the concrete floor.

Id.

///

///

2

Plaintiffs contend that the impact of Mr. Price's head striking the floor caused him to break his jaw and several teeth, as well as injure his right shoulder. See id. Plaintiffs further contend that Defendants Aurich and Luna made no attempts to prevent Defendant Pacheco from slamming Mr. Price to the concrete floor. See id. Plaintiffs also assert that Defendant Bigney would have been able to see what happened had he not violated CDCR policy by covering his windows. See id.

Plaintiffs allege that, after Mr. Price crashed face-first into the concrete floor, Defendant Aurich sounded the alarm, and Defendants Villa, Bigney, and Lopez were among the first to respond. See id. Defendant Villa instructed Defendant Aurich to get a camera and take photos. See id. Defendant Lopez and Officer Todd Jones relieved Defendant Pacheco and escorted Mr. Price to the medical clinic where it was immediately determined that Mr. Price would need to be sent to UC David Medical Center for emergency medical attention. See id. at 8.

On the day of the incident, Defendant Villa sent an email to Defendants Bigney, Aurich, Luna, Lopez, as well as Officer Jones, with the subject line IR 0824." Id. The email included a document titled "IR Price 0824.doc." Id. The email contained the phrase "Resisting a Peace Officer Resulting in the UOF (Physical)." Id. Although required to do so, Defendant Villa did not submit a report about the September 15, 2016, incident. See id. Nor did Defendant Villa collect a report from Defendant Luna, who was present during the entire incident. See id. According to Plaintiffs, after responding officers left the scene, Defendant Villa spoke with Defendants Pacheco, Aurich, Lopez, and Bigney "regarding who was going to be documented in the incident reports." Id. Plaintiffs allege that "[t]here was an agreement between defendants Villa, Pacheco, Lopez, Aurich and Bigney not to include references to defendant Luna in the incident report." Id. According to Plaintiffs, Defendant Luna was omitted from any incident report after Defendant Villa instructed Defendant Aurich to "keep it between the Block," referring to the fact that Defendant Luna worked in a different building. Id. Plaintiffs contend this was an "act of engaging in a code of silence and encouraging staff to do the same." Id.

///
///

3

Plaintiffs allege that Defendant Villa received reports from Defendants Lopez, Aurich, Pacheco, Bigney, and Officer Jones. See id. According to Plaintiffs, Defendant Villa made substantive changes to several of these reports, removing factual information and adding specific details which did not accurately reflect the events of September 15, 2016. See id. at 9. Defendants Lopez, Aurich, Pacheco, and Bigney signed the allegedly falsified reports. See id. Though Defendant Luna initially drafted a report, this report was not submitted despite a requirement that he do so, allegedly on instruction from Defendant Pacheco. See id. Plaintiffs allege that, later, Defendant Luna acknowledged that he knew Defendant Pacheco had used excessive force against Mr. Price and failed to report this wrongful conduct. See id.

Plaintiffs state that Defendant Luna was interviewed by CDCR's Office of Internal Affairs (OIA) on two separate occasions. See id. At the first interview, Defendant Luna denied having written a report about Defendant Pacheco's use of excessive force against Mr. Price. See id. Plaintiffs claim that, at the second OIA interview, Defendant Luna "lied about not having drafted a report, claiming he should have done so, until he was confronted with a copy of the report he drafted but did not submit." Id. Plaintiffs also claim that "Defendant Luna lied in his reports and during the OIA interviews in an attempt to cover his and his codefendants' wrongful conduct." Id.

Plaintiffs state that Defendant Bigney wrote a report about the September 15, 2016, incident. See id. According to Plaintiffs, this report involved several drafts but the final version contained "material misrepresentations designed to hide the fact defendant Luna was present during the assault." Id. Plaintiffs further contend that Defendant Bigney lied during two OIA interviews concerning his conduct and the conduct of other officers. See id. Plaintiffs claim this was doe in an attempt to cover his and his codefendants' wrongful conduct. See id. at 10. Plaintiffs similarly allege with respect to Defendants Lopez, Pacheco, Aurich, and Villa. See id. at 10-11.

Plaintiffs allege that Defendants Villa, Pacheco, Aurich, Luna, Lopez, and Bigney were all fired on June 25, 2018, due to the foregoing conduct. See id. at 11.

///

Plaintiffs next allege that, on October 3, 2016, Defendant Pacheco sent a text to Defendant Aurich stating "I work with snitches." Id. Defendant Luna was interviewed by OIA this same day. See id. According to Plaintiffs, after leaning that Defendant Luna was being interviewed by OIA, Defendant Pacheco sent the aforementioned text to Defendant Aurich as "part of a pattern and practice among the correctional officers at CSP [California State Prison] Sac [Sacramento] to maintain a code of silence and to harass and intimidate any officer who violated the code." Id. Plaintiffs claim that, on February 19, 2017, Defendant Lopez sent a text to an unknown individual in which Defendant Lopez stated "LOL! Code of Silence homie" and "you know it." Id.

Mr. Price died on September 17, 2016, as a result of injuries sustained in the September 15, 2016, incident. See id. at 13. According to Plaintiffs, the Sacramento County Coroner later ruled that Mr. Price's death was a homicide. See id. Plaintiffs state this ruling occurred on a "date unknown, but before June 1, 2018." Id. While Plaintiffs contend that Mr. Price's next of kin were not notified of Mr. Price's death "consistent with the requirements of CDCR Health Care Department Operations Manual 3.1.19," Plaintiff acknowledge that Mr. Price's next of kin "was informed he died after resisting lawful commands by a correctional officer." Id. Plaintiffs allege: "Due to defendants' failure to properly notify Mr. Price's next of kin of the true cause of his death plaintiffs did not and could not file a claim under California Tort Claims Act Government Code §§ 810, *et seq*." Id.

Plaintiffs affirmatively allege in the second amended complaint that the statute of limitations is tolled. See id. at 14-17.

Plaintiff also allege that Defendant Pacheco pleaded guilty to two counts of civil rights violations and two counts of falsification of records. See id. at 15. Defendant Aurich also pleaded guilty to one count of falsification of records. See id.

///
///
///
///

## II. PROCEDURAL HISTORY

This action was commenced with Plaintiffs' original complaint against Defendants Pacheco, Aurich, and Lynch filed on September 14, 2022. See ECF No. 1. On October 19, 2022, the Court determined Plaintiffs' complaint was appropriate for service on the three named defendants. See ECF No. 3. On December 29, 2022, Defendant Lynch filed a waiver of service of process. See ECF No. 13. On January 4, 2023, service of process was returned executed as to Defendants Aurich and Pacheco. See ECF Nos. 16 and 17.

Pursuant to the parties' stipulation, Plaintiffs filed a first amended complaint on February 21, 2023. See ECF No. 29. In this pleading, Plaintiffs added Bigney, Villa, and Baughman as named defendants. See id. at 1. On March 7, 2023, Defendant Lynch filed a motion to dismiss the first amended complaint. See ECF No. 31. Defendant Aurich joined in that motion. See ECF No. 32.

On April 4, 2023, Plaintiffs filed the operative second amended complaint, again pursuant to stipulation. See ECF No. 36. In this pleading, Plaintiffs added Luna and Lopez as named defendants. See id. at 1. The filing of the second amended complaint rendered Defendant Lynch's motion to dismiss moot. Defendant Lynch's motion to dismiss the second amended complaint was filed on April 17, 2023. See ECF No. 38. After a hearing, the Court issued findings and recommendations on August 16, 2023, recommending that Defendant Lynch's motion to dismiss be granted based on expiration of the statute of limitations and failure to state a claim against a supervisory defendant. See ECF No. 67. The findings and recommendations have not yet been submitted to the District Judge.

Defendant Baughman filed a separate motion to dismiss on August 1, 2023. See ECF No. 61. In his motion, Defendant Baughman raises the same arguments raised by Defendant Lynch – expiration of the statute of limitations and failure to state a claim against a supervisory defendant. See id. Defendant Baughman's motion was heard on November 1, 2023. In Plaintiffs' opposition to Defendant Baughman's motion and at the hearing, Plaintiffs requested leave to amend in order to allege additional facts and to clarify other facts already alleged regarding the statute of limitations. On November 2, 2023, the Court issued an order directing

Plaintiffs to file a formal motion for leave to amend.  See ECF No. 104.  The currently pending motion followed.  See ECF No. 107.  A proposed third amended complaint has been submitted as Exhibit C to the declaration of Plaintiffs' counsel Ryann E. Hall, Esq., submitted with Plaintiffs' reply brief.  See ECF No. 112-4.  The Court has not issued any findings and recommendations on Defendant Baughman's motion to dismiss pending possible amendment which would render all prior motions to dismiss moot.

### III.  DISCUSSION

In their motion for leave to amend, Plaintiffs seek leave to file a third amended complaint which contains additional and corrected factual allegations regarding equitable estoppel and delayed discovery, issues which would affect application of the statute of limitations.  See ECF No. 107.  Plaintiffs also seek leave to assert new state law claims against Defendants Lynch and Baughman based on: (1) negligent supervision and retention of Pacheco; (2) concealment; and (3) intentional misrepresentation.  See id.; see also ECF No. 107-2 (proposed third amended complaint).  Defendants oppose Plaintiffs' motion arguing that the proposed amendments would be futile with respect to the statute of limitations issue and because the proposed additional state law claims exceed the scope of the Court's order directing that Plaintiffs file a motion for leave to amend.  See ECF Nos. 111 and 122.

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B).  In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2).  Where leave of court to amend is required and sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire controversy; (3) whether

there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Plaintiffs' counsel in this case substituted in after the operative second amended complaint was filed and after both prior motions to dismiss were filed.  As to newly alleged and clarified facts concerning the application of the statute of limitations, Plaintiffs' motion will be granted.  See Porter v. Yuba City Police Dep't, 2021 WL 3051990 (E.D. Cal. 2021) (permitting amendment to make a clear record following substitution of new counsel).  Given that Plaintiffs' current counsel is relatively new to the case, the Court will also permit Plaintiffs to amend to allege new state law theories of liability.  See id.

At the hearing and following the Court's oral ruling granting Plaintiffs' motion for leave to amend, counsel for Defendants Baughman and Lynch requested that the prior motions to dismiss, ECF Nos. 38 and 61, be withdrawn as moot.  The Court will grant this request and vacate the findings and recommendations filed on August 16, 2023, ECF No. 67.

**IV.  CONCLUSION**

Accordingly, IT IS HEREBY ORDERED as follows.

1. Plaintiffs' motion for leave to file a third amended complaint, ECF No. 107, is GRANTED.

2. The Clerk of the Court shall separately file, as of January 10, 2024, Plaintiffs' third amended complaint attached at ECF No. 112-4.

3. Defense counsel's request to withdraw prior motions to dismiss the second amended complaint, ECF Nos. 38 and 61, as moot is GRANTED.

4. The motions to dismiss at ECF No. 38 and 61 are WITHDRAWN on counsel's request and the Clerk of the Court is directed to terminate ECF Nos. 38 and 61 as pending motions.

5. The findings and recommendations filed on August 16, 2023, ECF No. 67, are VACATED.

6. Responses to Plaintiffs' third amended complaint, which may include further motions to dismiss, are due within 30 days of the date of this order.

Dated: January 25, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE