1  Dianna L. Albini, Esq. (No. 152273)
2  **WADE LAW GROUP, APC**
   262 E Main Street
3  Los Gatos, CA 95030
   Telephone: (408) 842-1688
4  Facsimile: (408) 549-1612
   Email: dalbini@wadelitigation.com
5
6  Attorneys for Defendant/Cross-Complainant
   ARTURO LUNA, in his
7  official and personal/individual capacities

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10 JOANN PRICE, successor in interest to Ronnie      )  **Case No. 2:22-CV-01610-DAD-DMC**
   Price, deceased; and the ESTATE OF RONNIE        )
11 PRICE; and his successors in interest,           )
                                                    )
12                                                  )
              Plaintiffs,                           )
13                                                  )
        v.                                          )  **AMENDED DEFENDANT A. LUNA'S**
14                                                  )  **NOTICE OF MOTION AND MOTION**
                                                    )  **TO DISMISS PLAINTIFF'S THIRD**
15 ARTURO PACHECO, ASHLEY MARIE                     )  **AMENDED COMPLAINT;**
   AURICH, JEFFREY BIGNEY, ARTURO LUNA,             )  **MEMORANDUM OF POINTS AND**
16 DORIAN LOPEZ, BRENDA VILLA, DAVID                )  **AUTHORITIES IN SUPPORT**
   BAUGHMAN, JEFFREY LYNCH, and DOES 1              )  **THEREOF**
17 through 15, inclusive, in their official and     )
   personal/individual capacities.                  )
18                                                  )
              Defendants.                           )
19 _____        )
                                                    )
20 ARTURO LUNA, in his official and                 )
   personal/individual capacities,                  )
21                                                  )
              Cross-Complainant,                    )
22                                                  )
        v.                                          )  Date: April 24, 2024
23                                                  )  Time: 10:00 a.m.
   ARTURO PACHECO, ASHLEY MARIE                     )  Judge: Hon. Dennis M. Cota
24 AURICH, JEFFREY BIGNEY, DORIAN LOPEZ,            )  Trial: N/A
   BRENDA VILLA, DAVID BAUGHMAN,                    )  Action filed: September 14, 2022
25 JEFFREY LYNCH, and DOES 1 through 15,            )
   inclusive, in their official and personal/individual )
26 capacities.                                      )
              Cross-Defendants.                     )
27 _____        )

28

---

**DEFENDANT A. LUNA'S AMENDED NOTICE OF MOTION AND MOTION
TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Arturo LUNA (LUNA) moves to dismiss Plaintiff's Third Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the claim is barred by the statute of limitation, the allegations against Defendant A. LUNA fail to state a claim upon which relief can granted. This motion is based on this notice, the following memorandum of points and authorities, the pleadings and records on file, and any other matters that may properly come before this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES
## INTRODUCTION AND PLAINTIFF'S ALLEGATIONS

Plaintiff JoAnne Price is allegedly a successor-in-interest to the Estate of Ronnie Price (EFC 112-4). Plaintiff alleges that Defendant Arturo Pacheco assaulted her brother Ronnie Price (Decedent) on September 15, 2016 at California State Prison- Sacramento (SAC). (*Id.*) Mr. Pacheco was a correctional officer at that time and Decedent was an inmate. (*Id.*) Decedent passed away as a result of the injuries from the assault on September 17, 2016. (*Id.*) Plaintiff alleges that Defendant Ashley Marie Aurich conspired with Pacheco and several other officers to cover up the assault. (*Id.*) Plaintiff also alleges that the warden at SAC, Defendant D. Baughman, was actually or constructively aware of a pattern or culture of excessive force, unlawful conduct, lying and dishonesty among certain correctional officers at SAC and maintained and permitted policies, practices and customs which sanctioned such wrongful conduct. (*Id.*) The statute of limitations for Plaintiff's claim is two years, however, she claims it was equitably tolled because of the alleged cover-up by Pacheco and Aurich. (*Id.*)

There are no factual allegations against LUNA, other than generalized allegations that he failed to file a timely report of the incident. And while the third amended complaint contains conclusory allegations that LUNA caused or contributed to the incident because he failed to file a report, there are no factual allegations, even if assumed to be true, that LUNA's conduct caused, contributed or was a substantial factor in the cause of Decedent's death. Also, assuming the allegations directed to LUNA are true, which he denies, they fail to state a basis for liability and the

case against him should be dismissed without leave to amend.

Plaintiff's third amended complaint should be dismissed as to A. LUNA, because the amendments do not change the analysis that the statute of limitations was not tolled as to Defendant Arturo LUNA.

**ARGUMENT**

I.   **<u>LEGAL STANDARD ON MOTION TO DISMISS</u>**.

Dismissal is appropriate when the plaintiff fails to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984). To survive a motion to dismiss, a complaint must contain sufficient factual allegations related to each material element necessary to sustain recovery. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 562 (2007). The factual allegations must provide the grounds for the entitlement to relief and raise the right to relief above the speculative level. *Id.* at 555. In determining whether a complaint states a claim, the court must accept as true all allegations of material fact and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000). The court must accept as true all well pleaded facts at the motion-to-dismiss stage. *Decker v. Advantage Fund, Ltd.,* 362 F.3d 593, 595 (9th Cir. 2004). Even so, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). And a district court may dismiss without leave where amendment would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

A court may dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a Short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The determination of whether a complaint

satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## II. PLAINTIFF'S ACTION IS TIME-BARRED AGAINST DEFENDANT LUNA.

### A. The Statute of Limitations Applicable to Plaintiff's Action Is Two Years.

For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is California's statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). The statute of limitations for filing personal injury actions is two years. Cal. Code Civ. Proc. § 335.1; *see also Jackson v. Fong*, 870 F.3d 928, 936 (9th Cir. 2017). Here, the alleged assault occurred on September 15, 2016, and Mr. Price passed away on September 17, 2016. Accordingly, at the latest, the statute of limitations would have run on September 17, 2018, two years after the subject incident. As discussed below, equitable tolling does not apply to the claim against Defendant Lynch because there are no allegations that he made misrepresentations to the Plaintiff that caused her to delay filing the claim. Thus, the action is time-barred as it relates to A. LUNA.

### B. Plaintiff Cannot Meet Her Burden of Establishing That She Is Entitled to Equitable Tolling as to LUNA.

Plaintiff alleges that her claim was "equitably tolled" due to the alleged concealment of the true cause of the decedent's death. (ECF 112-4, ¶ 138.) Under California's equitable tolling doctrine, the statute of limitations is tolled when an individual has several formal legal remedies, including administrative remedies, and reasonably and in good faith pursues one. *Jones v. Tracy Sch. Dist.*, 27 Cal.3d 99, 108 (1980). Tolling focuses on a timely filed claim, which does not appear to be the case here. She is arguing a different theory, that the defendants are equitably estopped from asserting the statute of limitations defense because of alleged fraudulent concealment. (ECF 112-4, ¶¶ 89-104, 121 - 138.) Plaintiff does not dispute that, but for either theory, her claim would be time barred. (*Id*.)

**DEFENDANT A. LUNA'S AMENDED NOTICE OF MOTION AND MOTION
TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

The Third Amended Complaint contains certain allegations against Defendant Pacheco whom committed the actual assault on Mr. Price and Defendant Aurich, who pled guilty to falsifying records related to falsifying records to assist Defendant Pacheco in covering up the assault. However, as it relates to A. LUNA, the Third Amended Complaint completely lacks any factual allegations that would support tolling the claims against LUNA. Even after amending the complaint numerous times, the allegations do not support facts that LUNA had any particular involvement with the alleged fabrication or concealment related to Plaintiff's claim. Rather, the Third Amended Complaint merely states legal conclusions unsupported by the facts. The evidence and facts, as stated in the Third Amended Complaint and preceding iterations acknowledge that LUNA was specifically omitted from communications and the incident report because the other Defendants wanted to "keep it between the Block", in other words LUNA was an outsider. (ECF 112-4, ¶¶ 52 - 55.)

There are also still no factual allegations that support a tolling of the statute of limitations related to LUNA's failure to timely file a report. Moreover, Plaintiff seemingly admits LUNA was kept out of the loop regarding the misleading or fraudulently withheld information from Plaintiff.

Additionally, Plaintiff fails to allege facts to support her conclusory allegations that because LUNA was present when Defendant Pacheco assaulted Mr. Price, that this some how establishes that LUNA knew an attack by Defendant Pacheco against Mr. Price was imminent and that LUNA not only should have anticipated this, but prevented the assault from happening. This is not supported by the facts and contradicts Plaintiff's own allegations that LUNA was an outsider.

Plaintiff asserts four causes of actions against LUNA, the First Cause of Action, a Violation of 42 U.S.C. section 1983, the Second Cause of Action, a Violation of California Civil Code Section 52.1 (Bane Act), the Fourth Cause of Action for Wrongful Death pursuant to Code of Civil Procedure section 377.60 and Seventh Cause of Action, Intentional Misrepresentation, only. Plaintiff's fails to assert any allegations in the Third through Sixth Causes of Action of the Third Amended Complaint as to LUNA.

///

III.   **EVEN IF THE CLAIM AGAINST LUNA IS NOT TIME BARRED, PLAINTIFF'S THIRD AMENDED COMPLAINT FIRST CAUSE OF ACTION FAILS TO STATE A SECTION 1983 CLAIM AGAINST LUNA**.

To state a claim under Section 1983, a complaint "must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law."  Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To adequately plead these elements, the complaint must identify what constitutional or other federal right each defendant violated, providing sufficient facts to plausibly support each purported violation."  See Burnell v. Marin Humane Soc'y, No. 14-cv-05635-JSC, 2015 WL 4089844, at *2 (N.D. Cal. July 6, 2015) (citations omitted).

A.   **Plaintiff's Excessive Force Cause of Action Fails to State a Claim against LUNA**.

 Elements of cause of action under 42 U.S.C. section 1983 are (1) violation of rights protected by Constitution or created by federal statute, (2) caused, (3) by conduct of a "person," (4) acting under color of state law.

Plaintiff must allege facts sufficient to determine that LUNA "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  See *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); accord *Starr v. Baca*, 633 F.3d 1191, 1209 (9th Cir. 2011); see also *Anderson v. Hansen*, 2013 WL 4676212, at *3 (E.D. Cal. Aug. 30, 2013) ("[a] prison official may be held liable for failing to protect an inmate from a prison guard **if he knew of an excessive risk to inmate** health or safety posed by the ... prison guard and disregarded that risk")[Emphasis added.]

Moreover, to support an Eighth Amendment failure-to-protect claim, a plaintiff must allege facts showing defendant displayed "deliberate indifference" to an excessive risk to the prisoner's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  There are two elements of deliberate indifference: 1) a deprivation that was objectively sufficiently serious resulting in the denial of "the minimal civilized measure of life's necessities," and 2) defendant knew of, and disregarded, an excessive risk to the prisoner's safety. Id. at 834, 837.  It is not enough to show a defendant should

have known of the risk; actual notice on the part of the prison official is needed to show deliberate indifference. *Id*. at 837-38 and 843 n. 8. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the official must also draw the inference. *Id*.

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "This is not an easy test [] to satisfy." *Hallett v. Morgan*, 296 F.3d 732, 744-45 (9th Cir. 2002). Before being required to take action, the official must have more than a "mere suspicion" that an attack upon an inmate will occur. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986) ("The standard does not require that the guard or official believe to a moral certainty that one inmate intends to attack another at a given place at a time certain before that officer is obligated to take steps to prevent such an assault. But, on the other hand, he must have more than a mere suspicion that an attack will occur."). Speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to future health. *Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007); Evans v. Beck, No. 1:12–cv–00284, 2012 WL 4747220, at *3-4 (E.D. Cal. 2012). "The possibility of harm is not equivalent to a substantial risk of harm." *Marrero v. Rose*, No. 1:10–cv–00509, 2013 WL 2991295, at *6 (E.D. Cal. 2013).

Here, Plaintiff's Third Amended Complaint falls well short of the "high legal standard" required to pursue a deliberate indifference standard and lacks factual allegations that would satisfy a prima facie case. The allegations contain conclusory claims that LUNA knew, or should have known, that the other Defendants posed a risk to the Decedent. (See generally ECF 112-1.) Conclusory allegations aside, the Third Amended Complaint includes no specific factual allegations that LUNA knew these Defendants posed a risk to the Decedent, or any other inmate. *(Id*.) There are no factual Here, Plaintiff's allegations are that LUNA's physical presence during Defendant Pacheco's assault of Mr. Price establishes LUNA knew an attack was imminent and by "failing to intervene" LUNA aided and abetted Defendant Pacheco is not supported by the facts and are merely an attempt to state legal conclusions. These unsupported conclusions do not establish that LUNA was responsible for, or otherwise involved in, aided and abetted Defendant Pacheco's wrongful conduct or violated 42 U.S.C. section 1983. Plaintiff has failed to meet her burden of establishing

**DEFENDANT A. LUNA'S AMENDED NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

as to LUNA, the requisite elements in the First Cause of Action of the Third Amended Complaint to state a claim and LUNA and consequently as to LUNA the Third Amended Complaint must be dismissed or in the alternative the First Cause of Action in Plaintiff's Third Amended Complaint as to LUNA must be stricken.

B. **Plaintiff fails to state a cause of action against LUNA for violation of the Bane Act in her Second Cause of Action**

The Bane Act, codified at California Civil Code section 52, provides that if a person interferes, or attempts to interfere, by threats, intimidation, or coercion, with the exercise or enjoyment of a person's legal rights, that person may bring a civil action for damages. California Civil Code section 52.1. Additionally, the California Supreme Court has held that any person may bring a claim under this section, not only those who belong to a protected class. The language of California Civil Code section 52.1 provides remedies for certain misconduct that interferes with federal or state laws, **<u>if accompanied by threats, intimidation, or coercion</u>** (Emphasis added), (See *Serger v. Adams* (E.D. Cal. Oct. 27, 2011), 2011 U.S. Dist. LEXIS 152281.) Plaintiff fails to allege any facts as it relates to LUNA that involve threats, intimidation, or coercion by LUNA. Moreover, because Plaintiff cannot establish LUNA violated the Eighth Amendment by use of excessive force or failing to intervene Plaintiff cannot establish a BANE ACT claim against LUNA. Consequently, as to LUNA, Plaintiff's the Third Amended Complaint must be dismissed or in the alternative the Seventh Cause of Action in Plaintiff's Third Amended Complaint as to LUNA must be stricken, or in the alternative the Second Cause of Action in Plaintiff's Third Amended Complaint as to LUNA must be stricken.

**C. PLAINTIFF CANNOT ESTABLISH HER FOURTH CAUSE OF ACTION FOR WRONGFUL DEATH AGAINST LUNA, PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 377.60 ET SEQ.**

A cause of action for the death of a person **<u>caused by</u>** the wrongful act or neglect of another may be asserted by any the proper heir(s) or by the decedent's personal representative on their behalf.

When the death of a person is caused by the wrongful act or neglect of another, his or her heirs or personal representatives on their behalf may maintain an action for damages against the person causing the death. Under Cal. Civ. Proc. Code § 377, the plaintiff must prove the death was

"caused by" the defendant's wrongful act or neglect, i.e., the wrongful act or neglect was a cause in fact of the death. To be a cause in fact, the wrongful act must be a substantial factor in bringing about the death. *Bromme v. Pavitt*, 5 Cal.App.4th 1487, 1504-05, 7 Cal.Rptr.2d 608.

The allegations contained in Plaintiff's Third Amended Complaint for wrongful death against LUNA simply to not meet Plaintiff's burden of proof in establishing causation. Plaintiff fails to state a factual basis that any act or omission by LUNA was a substantial factor in causing Mr. Price's death. The facts clearly establish that the cause of the unfortunate death of Mr. Price was the sudden and unpredictable physical assault by Defendant Pacheco. Consequently, as to LUNA, Plaintiff's the Third Amended Complaint must be dismissed or in the alternative the Fourth Cause of Action in Plaintiff's Third Amended Complaint as to LUNA must be stricken.

### D. PLAINTIFF CANNOT ESTABLISH HER SEVENTH CAUSE OF ACTION FOR INTENTIONAL MISREPRESENTATION AGAINST LUNA

To state an intentional misrepresentation, claim under California law, Plaintiff must plead: "(1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud or to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Yastrab v. Apple Inc.*, 173 F. Supp. 3d 972, 977–78 (N.D. Cal. 2016) (citing *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1997)).

Plaintiff's Seventh Cause of Action merely states legal conclusions without factual allegations establishing how LUNA's conduct caused harm and damage to Plaintiff. Consequently, as to LUNA, Plaintiff's the Third Amended Complaint must be dismissed or in the alternative the Seventh Cause of Action as to LUNA must be stricken.

///
///
///
///
///
///
///

DocuSign Envelope ID: D53246F8-A07D-49CD-ABF7-2B0DF556DEF0

**CONCLUSION**

Plaintiff's complaint must be dismissed against LUNA because the action is barred by the statute of limitations. Even if the claim is not time barred as to LUNA, for the reasons set forth herein there are insufficient allegations to support claims against him. As such a further amendment would be futile, Defendant LUNA's motion should be granted without leave to amend.


DATED: February 26, 2024          **WADE LAW GROUP, APC**


_/s/ Dianna L. Albini_

DIANNA L. ALBINI, ESQ.
Attorney for Defendant/Cross-Complainant,
ARTURO LUNA, in his
official and personal/individual capacities

**DEFENDANT A. LUNA'S AMENDED NOTICE OF MOTION AND MOTION
TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

DocuSign Envelope ID: D53246F8-A07D-49CD-ABF7-2B0DF556DEF0

# CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 2/26/2024

Signature of Defendant *Arturo Luna*
02E8BF629C7045B...

Printed Name of Defendant Arturo Luna

**DEFENDANT A. LUNA'S AMENDED NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**