V. James DeSimone (SBN: 119668)
vjdesimone@gmail.com
Ryann Hall (SBN 306080)
rhall@bohmlaw.com; VJD000103@bohmlaw.com
**V. JAMES DESIMONE LAW**
13160 Mindanao Way, Suite 280
Marina del Rey, California 90292
Telephone: 310.693.5561
Facsimile: 323.544.6880

Anne Della Donna (SBN:138420)
annee@delladonnalaw.com
LAW OFFICE OF ANNEE DELLA DONNA
301 Forest Ave
Laguna Beach, California 92651

Attorneys for Plaintiffs, JOANN PRICE, successor in interest to Ronnie Price, deceased; and the ESTATE OF RONNIE PRICE; and his successors in interest

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN PRICE, successor in interest to Ronnie Price, deceased; and the ESTATE OF RONNIE PRICE; and his successors in interest, <br><br> PLAINTIFFS, <br><br> v. <br><br> ARTURO PACHECO, ASHLEY MARIE AURICH, JEFFREY BIGNEY, ARTURO LUNA, DORIAN LOPEZ, BRENDA VILLA, DAVID BAUGHMAN, JEFFREY LYNCH and DOES 1 through 15, inclusive, in their official and personal/individual capacities. <br><br> DEFENDANTS. | Case No: 2:22-cv-1610 DAD-DMC (PC) <br><br> **PLAINTIFF'S SUPPLEMENTAL BRIEFING IN SUPPORT OF HER OPPOSITION TO DEFENDANTS' J. LYNCH AND D. BAUGHMAN'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT** <br><br> Date: April 24, 2024 <br> Time: 10:00 a.m. <br> Judge: The Honorable Dennis M. Cota <br><br> Action Filed: September 14, 2022 <br> Trial Date: TBD |

1

**PLAINTIFF'S SUPPLEMENTAL BRIEFING IN OPPOSITION TO DEFENDANTS' J. LYNCH AND D. BAUGHMAN'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

*Price, et al. v. Arturo Pacheco, et al.*     V. James DeSimone Law
Case No.: 2:22-cv-1610 DAD-DMC (PC)     Law Office of Anne Della Donna

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff has sufficiently alleged that Baughman and Lynch may be liable in their individual capacity as supervisors under 42 USC 1983 for their personal involvement in the Eighth Amendment violation[1]. Although neither Warden Baughman nor Assistant Warden Lynch were present when Plaintiff was injured, they can be they can be liable pursuant to § 1983 for setting into motion the series of acts that culminated in Mr. Price's death. The Ninth Circuit has "long permitted plaintiffs to hold supervisors individually liable in § 1983 suits when culpable action, or inaction, is directly attributed to them." *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). The Ninth Circuit has never held that the supervisor must be present when the alleged injury occurs. *Id*. Rather, the supervisor's participation can include "his own culpable action or inaction in the training, supervision, or control of his subordinates"; "his acquiescence in the constitutional deprivations"; or "conduct that showed a reckless or callous indifference to the rights of others." *Id*. "Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego,* 942 F.2d 1435,1446 (9th Cir. 1991) (Sheriff sued for policy resulting in jail inmate's rape).

Baughman and Lynch were deliberately indifferent to the Code of Silence and acquiesced to its obvious consequences, that correctional officers would be emboldened by the protection and lack of discipline and engage in constitutional violations. The theory of liability is consistent with the case law and 9th Circuit jury instruction 9.4 which provides, in part, that a plaintiff may prevail on a § 1983 claim against a supervisory defendant when "the supervisory defendant knew that the subordinates were engaging in these acts and knew or reasonably should have known that the subordinates' conduct would deprive the plaintiff of these rights and the supervisory

---

[1] The Parties met and conferred and Defendants Baughman and Lynch agreed to drop the "sham pleading" argument. Accordingly, Plaintiff has not addressed the issue in this brief but can do so upon further request from the Court.

2

**PLAINTIFF'S SUPPLEMENTAL BRIEFING IN OPPOSITION TO DEFENDANTS' J. LYNCH AND D. BAUGHMAN'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

*Price, et al. v. Arturo Pacheco, et al.*     V. James DeSimone Law
Case No.: 2:22-cv-1610 DAD-DMC (PC)     Law Office of Anne Della Donna

defendant failed to act to prevent the subordinates from engaging in such conduct."

Pursuant to the Code of Regulations, a California prison must investigate uses of force and it is required that a seriously injured inmate participate in a videorecorded interview. Here, Plaintiff alleged Mr. Price participated in the videorecorded interview following the incident with Officer Pacheco describing a brutal assault including an officer banging his head to the ground while he was handcuffed and helpless. The very next day he died! Accordingly, one of two things occurred 1) Baughman and Lynch did not become aware of the video interview and thereby followed their implemented policy of inadequate investigations and adhering to the code of silence or 2) Baughman and Lynch were aware of the video and ratified the conduct by failing to take any appropriate corrective action when termination and criminal prosecution was obviously warranted. It was not until the FBI commenced its investigation approximately one year later that criminal charges were brought against Officer Pacheco and others.

As recognized by this Court, in considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see also Hosp. Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam), *see also* Dkt. 67. Taken in the light most favorable to Plaintiff, either scenario requires a finding that Plaintiff has sufficiently alleged the 1983 causes of action against Baughman and Lynch.

## II. LEGAL ARGUMENT

### a. Baughman and Lynch Were Responsible for the Policies and Procedures in the Prison, Including the Constitutional Code of Silence

Baughman and Lynch had a duty to implement policies to ensure the safekeeping of inmates. Pursuant to the California Code of Regulations, as Wardens, Baughman and Lynch were "responsible for the custody, treatment, training and discipline of all inmates under his or her charge." 15 Cal. Code Reg. Section 3380 (a). Moreover, wardens "will establish such operational plans and procedures as are required by the Secretary for implementation of regulations and as may otherwise be required for their respective operations." *Id*. at (c).

3
**PLAINTIFF'S SUPPLEMENTAL BRIEFING IN OPPOSITION TO DEFENDANTS' J. LYNCH AND D. BAUGHMAN'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**
*Price, et al. v. Arturo Pacheco, et al.*     V. James DeSimone Law
Case No.: 2:22-cv-1610 DAD-DMC (PC)     Law Office of Anne Della Donna

Warden Baughman and Assistant Warden Lynch violated Price's Eighth Amendment right to be free from cruel and unusual punishment by being deliberate indifferent to the Code of Silence. "Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials **implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation**." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)(emphasis added). In *Doe v. City of San Diego*, 35 F. Supp. 3d 1233, 1246 (S.D. Cal. 2014), the court reasoned that triable issue of material fact existed as to whether the code of silence caused Plaintiff's constitutional injury (sexual assault by a police officer) because a reasonable jury could conclude that the involved officer "was impervious to the consequences of his misconduct." *Id*. at 1246. Similarly, Plaintiff has alleged that the Code of Silence and known failure to investigate uses of force emboldened Pacheco, so he too was impervious to the consequences of his misconduct, and his text messages confirming the code of silence evidence his bold confidence that his brutal assault, witnessed by several of his co correctional officers, would be ignored and unpunished. (3AC at para. 48-84, 141-142).

**b. Baughman and Lynch Were Deliberately Indifferent to the Code of Silence**

*Farmer v. Brennan*, 511 U.S. 825 (1994), provides the constitutional standard pertaining to the Warden's requisite mental state of mind: "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id*. at 828. "Deliberate indifference" "require[es] a showing that the official was subjectively aware of the risk." *Id*. "The Constitution does not mandate comfortable prisons,... but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.... The Amendment... imposes duties on these officials, who must provide humane conditions of confinement; prison officials... must take reasonable measures to guarantee the safety of the inmates." *Id*. at 832 (emphasis added).

In *Fairley v. Andrews*, 430 F. Supp. 2d 786, 803-804 (N.D. Ill. 2006), *aff'd sub nom. Fairley v. Fermaint*, 482 F.3d 897 (7th Cir. 2007) the court held that a Sheriff may be liable in his individual capacity if "deliberately indifferent to the fact that the code of silence's known or

4

**PLAINTIFF'S SUPPLEMENTAL BRIEFING IN OPPOSITION TO DEFENDANTS' J. LYNCH AND D. BAUGHMAN'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**
*Price, et al. v. Arturo Pacheco, et al.*     V. James DeSimone Law
Case No.: 2:22-cv-1610 DAD-DMC (PC)     Law Office of Anne Della Donna

obvious consequences would result in the deprivation of a constitutional right." *Id*. at 803-804. Similarly, in *Barrera v. Cnty. of Bucks*, No. CIV.A. 14-7136, 2015 WL 4474398 (E.D. Pa. July 22, 2015)[2], the Plaintiff alleged that there was a code of silence where prison guards protected each other from the consequences of misconduct. *Id*. at 5. "After identifying a policy or custom, a plaintiff must demonstrate that the municipal entity perpetuated this practice with deliberate indifference to the constitutional violations it caused." *Id*. at 6 (internal citations and quotations omitted). "The Third Circuit has held that evidence of such policies, including evidence which points to a 'code of silence among officers' and a municipality's **concomitant refusal to take disciplinary action, can be sufficient to establish a *Monell* claim**." *Hellyer v. Cnty. of Bucks*, No. CIV.A. 10–2724, 2014 WL 413874, at *4–5 (E.D.Pa. Jan.31, 2014) (citing *Bailey v. Cnty. of York*, 768 F.2d 503, 507 (3d Cir.1985)(emphasis added).

Plaintiff has sufficiently alleged that Baughman and Lynch were on notice of and deliberately indifferent to the known of obvious consequences of the Code of Silence, including the failure to conduct adequate investigations. "[S]upervisors can be liable… when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices." *Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir. 1990)(internal citations omitted). In *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) the court reasoned that Baca may be held liable in his supervisory capacity based on allegations that "the actions or inactions of the person "answerable for the prisoner's safe-keeping caused [Plaintiff's ] injury", despite no allegations that Baca had specific knowledge of the Plaintiff or the propensity of the specific involved deputies, but had knowledge that his subordinates generally were engaging in unconstitutional conduct. *Id*. at 1207-1212.

Similarly, Plaintiff alleged that Baughman and Lynch were aware of the "culture of corruption resulting in the use of excessive force against inmates" prior to Price's death but failed to issue any discipline of corrective action. (3AC at para. 102, 168). Baughman and Lynch were

---

[2] Although *Barrera* and *Fairley* analyze the code of silence under Monell liability, the standard of liability for supervisor liability in individual capacity is similar. See *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

5

**PLAINTIFF'S SUPPLEMENTAL BRIEFING IN OPPOSITION TO DEFENDANTS' J. LYNCH AND D. BAUGHMAN'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

*Price, et al. v. Arturo Pacheco, et al.*  V. James DeSimone Law
Case No.: 2:22-cv-1610 DAD-DMC (PC)  Law Office of Anne Della Donna

aware guards (including Pacheco) were assaulting inmates prior to Price's death yet did not stop the behavior. (3AC at ¶ 102-103,143-144). Plaintiff further alleged that Baughman and Lynch were aware that their subordinates followed a "code of silence", which they reasonably should have known would cause his subordinates to freely inflict constitutional injuries knowing they would be "protected" yet failed to implement any training or enforcement to remedy the issue. (3AC at 21-23, 85-91, 101-106).

Moreover, Baughman and Lynch deliberately ignored uses of force. CDCR policy, and the California Code or Regulations, require that "[e]very staff use of force is an incident that shall be reported." 15 CCR Section 3268.1 (a). The institution head must approve or request follow up every use of force report. *Id.* at (a)(2). A video recording is required when there is a use of force that causes serious or great bodily injury. *Id.* at (d)(1). The California Code of Regulations further requires that a use of force is reviewed for compliance with regulations, procedures, and applicable law. *Id.* at (e). Here, the reporting and investigation system clearly did not prevent constitutional violations: "[i]f a program does not prevent constitutional violations, municipal decisionmakers may eventually be put on notice that a new program is called for. Their continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action—the "deliberate indifference"—necessary to trigger municipal liability." *Bd. of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 407 (1997).

Just four months prior to Pacheco's assault on Price, Pacheco pepper-sprayed a 54-year-old prisoner in his cell, falsely claiming later that the prisoner had a piece of glass and refused to drop it. (3AC at 103). Upon information and belief, Baughman and Lynch knew or should have known that Pacheco was falsifying the reports to cover up excessive force. (3AC at 104). Since Pacheco was not disciplined for this conduct, it can be reasonably inferred that procedure to investigate the use of force was also inadequate in Pacheco's prior incident.

A single incident is sufficient to impose liability when "proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24

6
**PLAINTIFF'S SUPPLEMENTAL BRIEFING IN OPPOSITION TO DEFENDANTS' J. LYNCH AND D. BAUGHMAN'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**
*Price, et al. v. Arturo Pacheco, et al.*　　　　　　　　　　　　　　　　V. James DeSimone Law
Case No.: 2:22-cv-1610 DAD-DMC (PC)　　　　　　　　　　　　Law Office of Anne Della Donna

(1985). Although Plaintiff has present other evidence of the insufficient policy, here, Baughman and Lynch failed to follow the required procedure to investigate uses of force. Despite the fact that the prison had a videorecorded interview of Mr. Price in its possession outlining the brutal and unlawful force utilized against him, as required under the CCR, Baughman and Lynch clearly had an existing policy to abide by the Code of Silence and not adequately investigate uses of force and staff misconduct because they did nothing. The complete failure to properly investigate this incident by multiple levels of review—despite a videorecorded interview in the prison's possession where a deceased inmate accounts what happened to him--is evidence that there was a policy of failing to investigate uses of force, which further emboldened officers to commit constitutional violations.

Alternatively, if an investigation was conducted, [s]igning or ratifying an after-the-fact investigation of the acts of subordinates can demonstrate a supervisor's acquiescence in the alleged constitutional violation. *Larez v. City of Los Angeles,* 946 F.2d 630, 646 (9th Cir.1991) (police chief's signature on letter informing plaintiff that none of his complaints could be sustained sufficient to find police chief liable); *Watkins v. City of Oakland,* 145 F.3d 1087, 1093 (9th Cir.1998) (police chief could be held liable as supervisor of officer accused of excessive force where police chief signed an internal affairs report dismissing complaint). In *Larez*, the court reasoned that the jury properly found supervisory liability where the Chief of Police elected to sign a letter that none of the Plaintiff's complaints would be sustained as opposed to disciplining the officers or implementing new procedures. *Larez* at 646.

If the investigation did occur as required by the CDCR, Baughman and Lynch would have known about the recording. (3AC at para 40). Pursuant to the CCR, the Warden is involved in reviewing uses of force. *See* 15 CCR Section 3268.1. The fact that Pacheco was not disciplined until 2018 creates a reasonable inference that Baughman and/or Lynch ratified his conduct. (3AC at para. 90). Accordingly, Plaintiff's Third Amended Complaint alleges facts that support a theory of supervisory liability against Baughman and Lynch. An order to dismiss would deprive Mr. Price's family of an opportunity to hold prison officials for obvious deliberate indifference to the clear evidence that Officer Pacheco engaged in an unnecessary and deadly use of force. If this

7
**PLAINTIFF'S SUPPLEMENTAL BRIEFING IN OPPOSITION TO DEFENDANTS' J. LYNCH AND D. BAUGHMAN'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**
*Price, et al. v. Arturo Pacheco, et al.*  V. James DeSimone Law
Case No.: 2:22-cv-1610 DAD-DMC (PC)  Law Office of Anne Della Donna

were a Summary Judgment triable issues of fact would abound. Plaintiff should be permitted to pursue discovery to prove her case.

### III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court deny Defendant Lynch and Baughman's motion to dismiss.

.

Date: May 8, 2024

**V. JAMES DESIMONE LAW**

By: _____
V. JAMES DESIMONE, ESQ.
RYANN E. HALL, ESQ.
Attorneys for Plaintiffs JOANN PRICE, successor in interest to Ronnie Price, deceased; and the ESTATE OF RONNIE PRICE; and his successors in interest

8

**PLAINTIFF'S SUPPLEMENTAL BRIEFING IN OPPOSITION TO DEFENDANTS' J. LYNCH AND D. BAUGHMAN'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

*Price, et al. v. Arturo Pacheco, et al.*      V. James DeSimone Law
Case No.: 2:22-cv-1610 DAD-DMC (PC)      Law Office of Anne Della Donna