1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  JAY M. GOLDMAN, State Bar No. 168141
   Supervising Deputy Attorney General
3  RYAN T. GILLE, State Bar No. 262105
   Deputy Attorney General
4   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
5   Telephone: (415) 510-4454
    Fax: (415) 703-5843
6   E-mail: Ryan.Gille@doj.ca.gov
   *Attorneys for Defendants*
7  *D. Baughman and J. Lynch*

8  IN THE UNITED STATES DISTRICT COURT

9  FOR THE EASTERN DISTRICT OF CALIFORNIA

10  SACRAMENTO DIVISION

| | |
|---|---|
| **JoAnn Price, et al.,**<br><br>Plaintiff,<br><br>v.<br><br>**Arturo Pacheco, et al.,**<br><br>Defendants. | 2:22-cv-1610-DAD-DMC (PC)<br><br>**DEFENDANTS' D. BAUGHMAN AND J. LYNCH'S SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO DISMISS**<br><br>Judge: The Honorable John Cota<br>Trial Date: N/A<br>Action Filed: September 14, 2022 |

**INTRODUCTION**

The Court heard oral argument on Defendants' D. Baughman and J. Lynch's motion to dismiss on April 24, 2024. The Court then ordered the parties to file supplemental briefing on the sufficiency of Plaintiff's pleadings for supervisory liability and deliberate indifference under 42 U.S.C. Section 1983 as analyzed in the cases of *Larez v. City of Los Angeles*, *Starr v. Baca*, and Ninth Circuit Model Jury Instruction 9.4. As discussed below, the *Larez* and *Baca* cases are factually inapposite and neither supports Plaintiff's position that the third amended complaint sufficiently pleads supervisory liability and deliberate indifference under 42 U.S.C. Section 1983 ("1983 claim.") Further, Plaintiff's state-law claims also fail because direct tort liability for a

1

Defs.' Supplemental Reply ISO MTD (2:22-cv-1610-DAD-DMC (PC))

public employee may not be premised on acts of subordinates or of other government employees. Accordingly, Plaintiff's third amended complaint must be dismissed.

## LEGAL ARGUMENT

**I. THE *BACA* AND *LAREZ* CASES, AND THE MODEL JURY INSTRUCTION, DO NOT SUPPORT THE VIEW THAT THREADBARE ALLEGATIONS ARE ENOUGH TO WITHSTAND A MOTION TO DISMISS.**

Plaintiff contends that an allegation of a single use-of-force incident involving one of the other defendants in this case, and an inmate other than the decedent, which occurred months before the subject incident, is sufficient to satisfy federal pleading standards for a supervisory 1983 claim in this case. (ECF No. 136, p. 19:24-28; Declaration of Ryan Gille, Exhibit A, relevant portions of the April 24, 2024 Hearing Transcript ("Transcript"), p. 12:13-24.) Plaintiff cites the *Baca* and *Larez* cases in support of this position. But the facts of these cases are vastly different than what is alleged in the operative complaint, and the law does not support Plaintiff's view.

In *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) (*Baca*), the Ninth Circuit found that the plaintiff's complaint made "detailed factual allegations that go well beyond reciting the elements of a claim of deliberate indifference." *Id*. at 1216. The Ninth Circuit stated that, in relation to the plaintiff's pleading, "it is somewhat tedious to recount the many allegations in the complaint detailing what [the defendant] knew or should have known, and what the [defendant] did or failed to" because this **list of examples by the plaintiff was so lengthy and factually detailed**. *Id.* at 1209 (emphasis added). These factual allegations included a **report by the United States Department of Justice** providing the Los Angeles Sheriff with a "findings letters" that showed a "**continued and serious pattern** of practices of constitutional violations including [ ] abuse of inmates by sheriff's deputies working in the jail and inmate on inmate violence." *Id*. at 1209 (emphasis added). The plaintiff in *Baca* also outlined specific factual allegations that demonstrated that the defendant sheriff was "given notice, in **several reports, of systematic problems** in the county jails under his supervision that have resulted in these deaths and injuries" but continued to fail to protect inmates under his care. *Id*. at 1216 (emphasis added). Unlike the complaint filed in *Baca*, Plaintiff's TAC fails to contain specific factual allegations that would be

2

sufficient to "plausibly establish the defendant[s] 'knowledge of' and 'acquiescence in' the unconstitutional conduct of [their] subordinates." See also *Hydrick v. Hunter*, 669 F.3d 937, 941 (9th Cir. 2012).

Similarly unpersuasive to Plaintiff's position are the facts in *Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991) (*Larenz*). This case does not deal with a motion to dismiss, but the validity of a jury verdict. In that case, the court held the jury's verdict—that the police chief, in his individual capacity, was responsible for the defendants' constitutional deprivations—was not in plain error. *Id*. at 645. There, however, the jury heard evidence from an expert witness on police department procedures. *Id.* The expert testified that he would have disciplined the individual officers and would have established new procedures to avoid the reoccurrence of similar instances of the use of excessive force. *Id.* The expert based his opinion on what he noted was the many flaws in the LAPD's investigative process, which almost always exonerated the officers, and the police chief's "condonation of, and acquiescence in, the officers' use of excessive force […]" *Id*. at 647. Evidence was also introduced indicating that LAPD officers could use excessive force with impunity and almost always escape discipline. *Id.*

Here, by contrast, Plaintiff only supplies conclusory statements that defendant Baughman and Lynch knew or should have known about a single incident months before the incident that is the basis for Plaintiff's lawsuit, and which involves an unrelated individual. Unlike the expert testimony in *Larez*, Plaintiff's conclusions are her own supposition that is not supported by factual allegations. There are no factual allegations that Baughman or Lynch knew about, let alone ignored or dismissed, prior complaints against any of the officer defendants for similar displays of excessive force. Additionally *Larez*, involved a police chief's unilateral and summary dismissals of complaints, and internally approving personnel actions. By contrast, here there are no factual allegations that Baughman or Lynch summarily or unilaterally decided that the officers acted appropriately. Instead, the allegations are that the officers were eventually fired for their alleged conduct.

Plaintiff's reliance on Model Jury Instruction 9.4 does not change the analysis. While it sets forth elements of different potential theories of supervisor liability, it does not support

3

Plaintiff's argument that allegations of a single prior incident coupled with factually devoid conclusory allegations are sufficient to state a supervisory liability 1983 claim against these defendants.

Finally, Plaintiff alternatively argues that there can be supervisor liability under a theory akin to a Fourth Amendment "Monell claim" and that the Defendants can be liable based on "customs and policies." (Gille Dec., Ex. A, p. 14:9-15.) In *Monell v. Department of Social Services*, 436 U.S. 658, the Supreme Court held that a municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates. In order to establish municipal liability, a plaintiff must show that a "policy or custom" led to the plaintiff's injury. *Id.* at 694. *Monell* is not applicable here in that the supervisory defendants are not municipalities or municipal employees. And no facts are alleged that could support Plaintiff's conclusion that there was a "custom and policy" of deliberate indifference, and that Baughman or Lynch must have been aware of the same. Again, apart from citing a single prior incident, there are no factual allegations that there was a prior custom and practice whereby Baughman or Lynch knowingly allowed officers to violate constitutional rights or were aware of it and turned a blind eye. And in this matter, the allegations are that the officers in question were fired and some were prosecuted because of the subject incident. This does not infer there was a custom or policy in effect as Plaintiff summarily asserts.

Further, *Baca* and *Larez*, and Plaintiff's allegations, must be viewed within the legal framework of the requirements that must be pled, and proven, for a 1983 supervisory liability claim where, as is the case here, no direct personal involvement is alleged. Under § 1983, vicarious liability may not be imposed on a supervisor for acts of employees. *Lemire v. California Dep't of Corr. & Rehab.,* 726 F.3d 1062, 1074 (9th Cir. 2013). A supervisor is only liable for constitutional violations of subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989). To premise a supervisor's alleged liability on a policy promulgated by the supervisor, a plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. *See, e.g., City of Canton v. Harris,*

4

489 U.S. 378, 385 (1989); *Oviatt v. Pearce,* 954 F.2d 1470, 1474 (9th Cir. 1992). In other words, a plaintiff must allege some facts that would support a claim that the supervisory defendant "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force in the constitutional violation." *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotations omitted).

Therefore, a plaintiff cannot survive a motion to dismiss against a complaint which postulates that, by virtue of a defendant's position as a prison administrator, that defendant was aware of and condoned a custom and practice and culture. Such conclusory allegations, devoid of any factual detail, are insufficient to sustain a claim premised on supervisor liability. *See Vega v. Davis*, 572 F. App'x 611, 618 (10th Cir. 2014) ("[I]t is not plausible to infer that a warden is aware of everything that happens to each inmate in his custody."); *Sullivan v. Biter*, No. 1:15-cv-243-DAD-SAB, 2017 WL 1540256, at *1 (E.D. Cal. Apr. 28, 2017) ("Conclusory allegations that various prison officials knew or should have known about constitutional violations occurring against plaintiff simply because of their general supervisory role are insufficient to state a claim under 42 U.S.C. § 1983."); *Herrera v. California Dep't of Corr. & Rehab.*, No. 1:16-cv-01053 DAD SKO PC, 2017 WL 117861, at *2 (E.D. Cal. 2017) (finding that alleged policies of Warden Pfeiffer permitting correctional officers to use excessive force were vague and conclusory, and insufficient to establish that any particular policy was the "moving force" behind the alleged constitutional violation); *Tennyson v. County of Sacramento,* No. 2:19-cv-00429-KJM-EFB, 2020 WL 4059568, at *3 (E.D. Cal. July 20, 2020) (motion to dismiss granted on supervisory liability claims premised on allegations that the defendant "knowingly participated in creating and maintaining" a culture that led to the alleged constitutional deprivation).

The factual distinctions between *Baca* and *Larez*, and this case, are so distinguishable that they support Defendants' arguments that Plaintiff failed to allege sufficient facts to sustain a 1983 claim. The *Baca* and *Larez* cases involve defendants that had actual knowledge of many reports from outside law enforcement agencies, as well are multiple instances of officer misconduct. That is not the case here. Further, if Plaintiff's bare factual allegation of a single instance of prior misconduct involving another defendant is found here to be enough to state a cause of action for

5

supervisory liability based on deliberate indifference against supervisors who are not alleged to have had any direct involvement in the incident involving the decedent, than any warden, overseeing thousands of employees, could be subject to liability despite a lack of knowledge of the incident at issue, and a lack of factual allegations to support an inference that there was prior knowledge of rampant misconduct such as alleged in *Baca*. This would fall well outside of FRCP Rule 8's minimum pleading standards, as well as the case law relied upon by the Plaintiff. Plaintiff has thus failed to allege deliberate indifference sufficient to sustain any 1983 claim.

Finally, if this Court were to now, incorrectly, assume that the one prior incident alleged by Plaintiff, if assumed true, was sufficient to state a claim for supervisory liability, then, based on the face of the operative complaint, Baughman and Lynch are entitled to qualified immunity. There is no clearly established law holding that, at the time of the incident alleged by Plaintiff, supervisory liability under 1983 could be found based on such threadbare facts.

## II. DEFENDANTS BAUGHMAN AND LYNCH AND STATUTORILY IMMUNE FROM STATE-LAW CLAIMS BASED SOLELY ON SUPERVISORY LIABILITY.

Without direct involvement, Defendants Baughman and Lynch are immune from these state-law claims under California Government Code section 820.8. Under California law, state employees are not liable for injuries caused by an act or omission of a third party, but rather, are only liable for their own actions. Cal. Gov't Code § 820.8. The immunity provisions of the California Government Claims Act (Cal. Gov't Code § 810 et seq.) generally prevail over liabilities established by other statutes. *Wright v. State of Calif.*, 122 Cal. App. 4th 659, 671 (Cal. App. 2004). Thus, direct tort liability for a public employee may not be premised on acts of subordinates or of other government employees. *Weaver By and Through Weaver v. State*, 63 Cal. App. 4th 188, 202 (Cal. App. 1998) (determining that a supervisor was immune under section 820.8 for the actions of his subordinates).

Here, Plaintiff asks the Court to find Defendants liable based on the actions of others in allegedly failing to supervise the correctional officer defendants which led to the death of Plaintiff's decedent. The TAC does not allege any actions by Baughman or Lynch that caused the

6

Defs.' Supplemental Reply ISO MTD (2:22-cv-1610-DAD-DMC (PC))

injuries alleged. Instead, the injuries were allegedly caused by acts of their subordinates Therefore, they are immune from those allegations under section 820.8.

**CONCLUSION**

Plaintiff's complaint should be dismissed for failure to state a claim. And because the defect cannot be cured by amendment, it should be dismissed without leave to amend.

Dated: May 8, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
JAY M. GOLDMAN
Supervising Deputy Attorney General

RYAN T. GILLE
Deputy Attorney General
*Attorneys for Defendants*
*D. Baughman and J. Lynch*

SA2022402270
44158393.docx

7

Defs.' Supplemental Reply ISO MTD (2:22-cv-1610-DAD-DMC (PC))

# CERTIFICATE OF SERVICE

Case Name:   *Price, et al.  v. Pacheco, et al.*     No.   **2:22-cv-1610-DAD-DMC (PC)**

I hereby certify that on May 8, 2024, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' D. BAUGHMAN AND J. LYNCH'S SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO DISMISS**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On May 8, 2024, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Arturo Pacheco**
**P.O. Box 27811**
**Sacramento, CA 95827**

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on May 8, 2024, at San Francisco, California.

|  M. Paredes  |  *[signature]*  |
|---|---|
| Declarant | Signature |

SA2022402270
44158485.docx