# EXHIBIT A

1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  JAY M. GOLDMAN, State Bar No. 168141
   Supervising Deputy Attorney General
3  RYAN T. GILLE, State Bar No. 262105
   Deputy Attorney General
4    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
5    Telephone:  (415) 510-4454
     Fax:  (415) 703-5843
6    E-mail:  Ryan.Gille@doj.ca.gov
   *Attorneys for Defendants*
7  *D. Baughman and J. Lynch*

8                      IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10                              SACRAMENTO DIVISION

11

12

13 | **JoAnn Price, et al.,** | 2:22-cv-1610-DAD-DMC (PC) |
   | Plaintiff, | **DECLARATION OF RYAN GILLE IN** |

14 **SUPPORT OF DEFENDANTS'**
   **SUPPLEMENTAL BRIEFING ON**
15 v.  **MOTION TO DISMISS**

16 **Arturo Pacheco, et al.,**  Judge:      The Honorable Dennis M.
                                            Cota
17                 Defendants.  Trial Date:  N/A
                                Action Filed:  September 14, 2022
18

19       I, Ryan Gille, declare and state:

20       1.      I am a Deputy Attorney General for the Office of the Attorney General for the State

21 of California, attorney of record for Defendants D. Baughman and J. Lynch in this action, and I

22 am licensed to practice in the State of California and this Court.

23       2.      Attached as Exhibit A is a true and correct copy of the relevant portions of the

24 transcript from the court's April 24, 2024 hearing on Defendants' Motion to Dismiss Plaintiff's

25 Third Amended Complaint.

26 ///

27 ///

28 ///

                                            1

1       I swear under penalty of perjury that the statements in this declaration are true. Signed on

2  May 10, 2024, in San Francisco, California

3

4

5  RYAN T. GILLE
   Deputy Attorney General

6

7

8  SA2022402270
   44160011.docx

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# EXHIBIT A

CERTIFIED COPY

1                    UNITED STATES DISTRICT COURT

2               FOR THE EASTERN DISTRICT OF CALIFORNIA

3                        BEFORE THE HONORABLE
          DENNIS M. COTA, MAGISTRATE JUDGE PRESIDING

4
_____

5
JoAnn Price, et al.,          )  Case No: 2:22-cv-1610-DAD-DMC

6                             )
Plaintiff,                    )  Motion Hearing

7                             )
            v.                )

8                             )
Arturo Pacheco, et al.,       )

9                             )
Defendants.                   )

10                            )
_____

11
                       REPORTER'S TRANSCRIPT OF

12            ELECTRONICALLY RECORDED PROCEEDINGS

13                   Wednesday, April 24, 2024

14                     Pages 1 through 37

15

16

17

18

19

20

21

22
_____
REPORTED BY:          Abigail R. Torres, CSR, RPR/RMR, FCRR

23                    CSR No. 13700
                      United States District Court

24                    Eastern District of California
                      501 I Street, Suite 4-100

25                    Sacramento, California 95814

1    deliberately indifferent to violations of the prisoners'

2    rights, especially in terms of excessive force that would

3    result in death.  That if the warden and assistant warden had

4    been carrying out their duty at that time, and a prisoner dies,

5    they say, "Oh, where's the investigation?  Where's the

6    statement?"  There's -- nothing like that was done here.

7             It wasn't until two years later when the FBI became

8    involved that all of these facts came to light.  So our

9    contention is, one, that the -- that this incident itself and

10   the way in which it was handled when someone died in prison, as

11   a result of the assault by an officer, that that shows the

12   deliberate indifference of this warden and assistant warden.

13             And then you look at the fact that we have alleged in

14   our complaint at paragraphs 102, 103, and 143 and 144, that

15   prior to this, the same officer, Officer Pacheco, had injured a

16   54-year-old inmate in his cell.  I do note that Mr. Price was

17   65 years old at the time of his death.

18             And then in that situation alluded to the -- you know,

19   to the code of silence and a proper investigation was done.

20   Now, May 2016, of course, is several months before September,

21   so taking those facts, and if the warden had done due diligence

22   and not shown deliberate indifference to that prior assault,

23   then there could have been a discovery of Pacheco's tendencies

24   to assault individuals.

25             And I think that in terms of the -- you know, we

1   point, we may just be seeing the tip of the iceberg.  We

2   haven't been able to conduct discovery.  We're not privy to the

3   FBI investigation.

4        All we know is with respect to this particular

5   defendant, Pacheco, that he's involved in at least two

6   incidents of excessive force.  So we have generally alleged in

7   our complaint how in these allegations that both the warden and

8   the assistant warden showed deliberate indifference.

9        And the evidence -- when you have a case which is

10  based -- you know, this isn't necessarily called Minell under

11  the Eight Amendment.  But it's akin to a Minell cause of action

12  under Fourth Amendment analysis, where you have a custom and

13  policy, you can use a defendant's conduct regarding incidents

14  in question as a -- as evidence of that callousing practice.

15  And, here, that evidence of the -- deliberate indifference.

16       So I know I've answered more than Your Honor's

17  question.  But, hopefully, I answered it very, very directly as

18  when I first started out.  But I do believe that the

19  allegations in our complaint combined with the wardens'

20  obligations that we cited under the California Code of

21  Regulations, that they are responsible.

22       Being a warden -- and this is Cal Code regulation

23  Title 15, Section 3380, the warden is responsible for the

24  custody, treatment, training, and discipline of all inmates

25  under his or her charge.  And, of course, they are responsible