1  Rob Bonta, State Bar No. 202668
   Attorney General of California
2  Jay M. Goldman, State Bar No. 168141
   Supervising Deputy Attorney General
3  Ryan T. Gille, State Bar No. 262105
   Deputy Attorney General
4   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
5   Telephone: (415) 510-4454
    Fax: (415) 703-5843
6   E-mail: Ryan.Gille@doj.ca.gov
   *Attorneys for Defendants*
7  *D. Baughman and J. Lynch*

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10                   SACRAMENTO DIVISION

| | |
|---|---|
| **JoAnn Price, et al.,** | 2:22-cv-1610-DAD-DMC (PC) |
| Plaintiff, | **DECLARATION OF RYAN GILLE IN SUPPORT OF DEFENDANTS' SUPPLEMENTAL BRIEFING ON MOTION TO DISMISS** |
| v. | |
| **Arturo Pacheco, et al.,** | Judge: The Honorable Dennis M. Cota |
| Defendants. | Trial Date: N/A  Action Filed: September 14, 2022 |

I, Ryan Gille, declare and state:

1.  I am a Deputy Attorney General for the Office of the Attorney General for the State of California, attorney of record for Defendants D. Baughman and J. Lynch in this action, and I am licensed to practice in the State of California and this Court.

2.  Attached as Exhibit A is a true and correct copy of the relevant portions of the transcript from the court's April 24, 2024 hearing on Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint.

///

///

///

1

I swear under penalty of perjury that the statements in this declaration are true. Signed on May 10, 2024, in San Francisco, California

RYAN T. GILLE
Deputy Attorney General

SA2022402270
44160011.docx

2

Dec. of RG ISO Defs.' Supp. Brief MTD (2:22-cv-1610-DAD-DMC (PC))

**EXHIBIT A**

CERTIFIED COPY

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE
DENNIS M. COTA, MAGISTRATE JUDGE PRESIDING

---

| | |
|---|---|
| JoAnn Price, et al., | Case No: 2:22-cv-1610-DAD-DMC |
| Plaintiff, | Motion Hearing |
| v. | |
| Arturo Pacheco, et al., | |
| Defendants. | |

---

**REPORTER'S TRANSCRIPT OF**
**ELECTRONICALLY RECORDED PROCEEDINGS**

Wednesday, April 24, 2024

Pages 1 through 37

---

REPORTED BY:   Abigail R. Torres, CSR, RPR/RMR, FCRR
               CSR No. 13700
               United States District Court
               Eastern District of California
               501 I Street, Suite 4-100
               Sacramento, California 95814

1 deliberately indifferent to violations of the prisoners'
2 rights, especially in terms of excessive force that would
3 result in death. That if the warden and assistant warden had
4 been carrying out their duty at that time, and a prisoner dies,
5 they say, "Oh, where's the investigation? Where's the
6 statement?" There's -- nothing like that was done here.
7 It wasn't until two years later when the FBI became
8 involved that all of these facts came to light. So our
9 contention is, one, that the -- that this incident itself and
10 the way in which it was handled when someone died in prison, as
11 a result of the assault by an officer, that that shows the
12 deliberate indifference of this warden and assistant warden.
13 And then you look at the fact that we have alleged in
14 our complaint at paragraphs 102, 103, and 143 and 144, that
15 prior to this, the same officer, Officer Pacheco, had injured a
16 54-year-old inmate in his cell. I do note that Mr. Price was
17 65 years old at the time of his death.
18 And then in that situation alluded to the -- you know,
19 to the code of silence and a proper investigation was done.
20 Now, May 2016, of course, is several months before September,
21 so taking those facts, and if the warden had done due diligence
22 and not shown deliberate indifference to that prior assault,
23 then there could have been a discovery of Pacheco's tendencies
24 to assault individuals.
25 And I think that in terms of the -- you know, we

1  point, we may just be seeing the tip of the iceberg.  We
2  haven't been able to conduct discovery.  We're not privy to the
3  FBI investigation.
4      All we know is with respect to this particular
5  defendant, Pacheco, that he's involved in at least two
6  incidents of excessive force.  So we have generally alleged in
7  our complaint how in these allegations that both the warden and
8  the assistant warden showed deliberate indifference.
9      And the evidence -- when you have a case which is
10 based -- you know, this isn't necessarily called Minell under
11 the Eight Amendment.  But it's akin to a Minell cause of action
12 under Fourth Amendment analysis, where you have a custom and
13 policy, you can use a defendant's conduct regarding incidents
14 in question as a -- as evidence of that callousing practice.
15 And, here, that evidence of the -- deliberate indifference.
16      So I know I've answered more than Your Honor's
17 question.  But, hopefully, I answered it very, very directly as
18 when I first started out.  But I do believe that the
19 allegations in our complaint combined with the wardens'
20 obligations that we cited under the California Code of
21 Regulations, that they are responsible.
22      Being a warden -- and this is Cal Code regulation
23 Title 15, Section 3380, the warden is responsible for the
24 custody, treatment, training, and discipline of all inmates
25 under his or her charge.  And, of course, they are responsible