ROB BONTA, State Bar No. 202668
Attorney General of California
JAY M. GOLDMAN, State Bar No. 168141
Supervising Deputy Attorney General
RYAN T. GILLE, State Bar No. 262105
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-4454
 Fax:  (415) 703-5843
 E-mail:  Ryan.Gille@doj.ca.gov
*Attorneys for Defendants
D. Baughman and J. Lynch*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **JoAnn Price, et al.,**<br><br>Plaintiff,<br><br>v.<br><br>**Arturo Pacheco, et al.,**<br><br>Defendants. | 2:22-cv-1610-DAD-DMC (PC)<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Judge:         The Honorable Dale A. Drozd<br>Trial Date:   N/A<br>Action Filed: September 14, 2022 |

Defendants D. Baughman and J. Lynch ("Defendants[1]") submits the following Answer to Plaintiffs' Third Amended Complaint ("Complaint") filed on January 10, 2024 (ECF 128). Unless stated otherwise, all allegations are denied.

**DEMAND FOR JURY TRIAL**

Under Rule 38 of the Federal Rules of Civil Procedure and Eastern District Civil Local Rule 201, Defendants demand that this action be tried by and before a jury to the extent provided by law.

///

---

[1] The terms "Defendant" or "Defendants" in this Answer refer only to responding Defendants D. Baughman and J. Lynch.

1

# ANSWER

1. In response to paragraphs one and two under the section entitled, "Introduction." Defendants admit that Plaintiffs are seeking damages related to the death of Ronnie Price because of an altercation at California State Prison-Sacramento (CSP-SAC) but deny that responding Defendants are liable, and assert they lack personal knowledge or information sufficient to admit or deny the remaining allegations and on that basis deny them.

2. Defendants admit that Plaintiffs are claiming violations of the Eighth and Fourteenth Amendment within paragraph three of the Complaint. Defendants deny they violated Plaintiff's civil rights as alleged in the Complaint.

3. Defendants neither admit, nor deny, that the Court has subject matter jurisdiction or venue over this case based on the allegations in paragraphs four and five of the Complaint.

4. Defendants lack personal knowledge or information sufficient to admit or deny the allegations in paragraph six and on that basis deny them.

5. Defendants admit portions of the allegations in paragraph seven that Arturo Pacheco was employed by California Department of Corrections and Rehabilitation (CDCR) on, or around, September 2016 and that Plaintiffs have sued him in his professional and individual capacities. Defendants lack personal knowledge or information sufficient to admit or deny the remaining allegations and on that basis deny them.

6. Defendants admit portions of the allegations in paragraph eight that Jeffrey Bigney was employed by CDCR on, or around, September 2016 and that Plaintiffs have sued him in his professional and individual capacities. Defendants lack personal knowledge or information sufficient to admit or deny the remaining allegations and on that basis deny them.

7. Defendants admit portions of the allegations in paragraph nine that Arturo Luna was employed by CDCR on, or around, September 2016 and that Plaintiffs have sued him in his professional and individual capacities. Defendants lack personal knowledge or information sufficient to admit or deny the remaining allegations and on that basis deny them.

8. Defendants admit portions of the allegations in paragraph 10 that Dorian Lopez was employed by CDCR on, or around, September 2016 and that Plaintiffs have sued him in his

2

Defs.' Answer to Complaint & Demand for Jury Trial  (2:22-cv-1610-DAD-DMC (PC))

professional and individual capacities. Defendants lack personal knowledge or information sufficient to admit or deny the remaining allegations and on that basis deny them.

9. Defendants admit portions of the allegations in paragraph 11 that Brenda Villa was employed by CDCR on, or around, September 2016 and that Plaintiffs have sued her in her professional and individual capacities. Defendants lack personal knowledge or information sufficient to admit or deny the remaining allegations and on that basis deny them.

10. Defendants admit portions of the allegations in paragraph 12 that J. Lynch was employed by CDCR on, or around, September 2016 and that Plaintiffs have sued him in his professional and individual capacities. Plaintiffs' allegations regarding Lynch's duties and responsibilities are overly broad in time and scope and are therefore denied. The remaining allegations regarding Lynch's liability for this lawsuit are denied.

11. Defendants admit portions of the allegations in paragraph 13 that D. Baughman was employed by CDCR on, or around, September 2016 and that Plaintiffs have sued him in his professional and individual capacities. Plaintiffs' allegations regarding Baughman's duties and responsibilities are overly broad in time and scope and are therefore denied. The remaining allegations regarding Baughman's liability for this lawsuit are denied.

12. Defendants lack personal knowledge or information sufficient to admit or deny the allegations in paragraph 14 regarding DOE defendants and on that basis deny them.

13. Defendants deny the allegations in paragraphs 15 and 16.

14. Defendants reincorporates each of their prior responses to Plaintiffs' allegations in paragraph 17.

15. Defendants admit that the portions of the regulations cited in paragraphs 18-20 may have been promulgated at some point, however, Defendants lack personal knowledge or information sufficient to admit or deny that they existed as quoted by Plaintiffs' allegations during the relevant time period and on that basis deny them.

16. Defendants deny the allegations in paragraphs 21-23.

17. Defendants lack personal knowledge or information sufficient to admit or deny the allegations in paragraphs 24 through 39 and on that basis deny them.

3

Defs.' Answer to Complaint & Demand for Jury Trial  (2:22-cv-1610-DAD-DMC (PC))

18. The allegations in paragraph 40 are vague and ambiguous as to the definitions as well as the timeframe, and therefore Defendants lack personal knowledge or information sufficient to admit or deny the allegations and on that basis deny them.

19. Defendants admit that Mr. Price died, however Defendants lack personal knowledge or information sufficient to admit or deny the remaining allegations in paragraph 41 and on that basis deny them.

20. Defendants deny the allegations in paragraph 42.

21. Defendants lack personal knowledge or information sufficient to admit or deny the allegations in paragraph 43 and on that basis deny them.

22. Defendants deny the allegations in paragraph 44.

23. Defendants lack personal knowledge or information sufficient to admit or deny the allegations in paragraphs 45-87 and on that basis deny them.

24. In response to paragraph 88, Defendants admit that Officer Lopez remained employed for some time after the incident, however Defendants deny that no action was taken.

25. Defendants lack personal knowledge or information sufficient to admit or deny the allegations in paragraph 89 and on that basis deny them.

26. Defendants admit portions of the allegations in paragraph 90 that at some point after the incident, Villa, Pacheco, Aurich, Luna, Lopez, and Bigney were not employed by CDCR. Defendants lack personal knowledge or information sufficient to admit or deny the remaining allegations and on that basis deny them.

27. Defendants deny the allegations in paragraph 91 that the "code of silence" existed and lack personal knowledge or information sufficient to admit or deny the remaining allegations and on that basis deny them.

28. Defendants admit the allegations in paragraph 92 that the Notice of Adverse Action was signed by Baughman or his designee.

29. Defendants deny the allegations in paragraph 93 that they concealed the death from Plaintiff; and lack personal knowledge or information sufficient to admit or deny the remaining allegations and on that basis deny them.

4

Defs.' Answer to Complaint & Demand for Jury Trial  (2:22-cv-1610-DAD-DMC (PC))

30. Defendants deny the allegations in paragraphs 94-97.

31. Defendants admit the allegations in paragraph 98 that they were employed by CDCR at all times relevant to the complaint.

32. Defendants deny the allegations in paragraph 99.

33. Defendants admit the allegations in paragraph 100 that they were employed by CDCR at all times relevant to the complaint.

34. Defendants deny the allegations in paragraphs 101-102.

35. Defendants lack personal knowledge or information sufficient to admit or deny the allegations in paragraph 103 and on that basis deny them.

36. Defendants deny the allegations in paragraphs 104-106.

37. Defendants lack personal knowledge or information sufficient to admit or deny the allegations in paragraphs 107-108 and on that basis deny them.

38. Defendants deny the allegations in paragraphs 109-112.

39. Defendants lack personal knowledge or information sufficient to admit or deny the allegations in paragraphs 113-115 and on that basis deny them.

40. Defendants deny the allegations in paragraphs 116-121.

41. Defendants admit the allegations in paragraph 122 that Pacheco, Aurich, Villa, Lopez, Luna, and Bigney no longer work for CDCR.  Defendants lack personal knowledge or information sufficient to admit or deny the remaining allegations and on that basis deny them.

42. Defendants deny the allegations in paragraphs 123-126.

43. Defendants lack personal knowledge or information sufficient to admit or deny the allegations in paragraphs 127-139 and on that basis deny them.

44. Defendants deny the allegations in paragraphs 140-145.

45. Defendants incorporate their prior responses and objections to the allegations in paragraph 146.

46. Defendants lack personal knowledge or information sufficient to admit or deny the allegations in paragraph 147 and on that basis deny them.

5

Defs.' Answer to Complaint & Demand for Jury Trial  (2:22-cv-1610-DAD-DMC (PC))

47. Defendants deny the allegations in paragraph 148 that they participated in any violation and lack personal knowledge or information sufficient to admit or deny the remaining allegations and on that basis deny them.

48. Defendants lack personal knowledge or information sufficient to admit or deny the allegations in paragraphs 149-154 and on that basis deny them.

49. Defendants incorporate their prior responses and objections to the allegations in paragraph 155.

50. Defendants lack personal knowledge or information sufficient to admit or deny the allegations in paragraphs 156-161 and on that basis deny them.

51. Defendants incorporate their prior responses and objections to the allegations in paragraph 162.

52. Defendants deny the allegations in paragraphs 163-174.

53. Defendants admit the allegations in paragraph 175 that Plaintiff is bringing a claim on her own behalf and as a successor in interest the estate of Mr. Price.

54. Defendants deny the allegations in paragraph 176.

55. Defendants admit the allegations in paragraph 177 that Plaintiff is seeking various monetary damages related to this lawsuit.

56. Defendants deny the allegations in paragraphs 178-179.

57. Defendants admit the allegations in paragraph 180 that Plaintiff is seeking recovery of attorneys fees.

58. Defendants incorporate their prior responses and objections to the allegations in paragraph 181.

59. Defendants lack personal knowledge or information sufficient to admit or deny the allegations in paragraph 182 and on that basis deny them.

60. Defendants deny the allegations in paragraphs 183-184.

61. Defendants incorporate their prior responses and objections to the allegations in paragraph 185.

62. Defendants deny the allegations in paragraphs 186-191.

6

63. Defendants admit the allegations in paragraph 192 that Plaintiff is seeking various monetary damages related to this lawsuit.

64. Defendants deny the allegations in paragraph 193.

65. Defendants incorporate their prior responses and objections to the allegations in paragraph 194.

66. Defendants lack personal knowledge or information sufficient to admit or deny the allegations in paragraph 195 and on that basis deny them.

67. Defendants deny the allegations in paragraphs 196-198.

68. Defendants lack personal knowledge or information sufficient to admit or deny the allegations in paragraph 199 and on that basis deny them.

69. Defendants deny the allegations in paragraphs 200-201.

70. Defendants admit the allegations in paragraph 202 that Plaintiff is bringing a claim in her individual capacity.

71. Defendants incorporate their prior responses and objections to the allegations in paragraph 203.

72. Defendants deny the allegations in paragraph 204.

73. Defendants lack personal knowledge or information sufficient to admit or deny the allegations in paragraph 205 and on that basis deny them.

74. Defendants deny the allegations in paragraphs 207-211.

75. Defendants admit the allegations in paragraph 212 that Plaintiff is bringing a claim in her individual capacity.

76. In response to ECF page 32, entitled, "**Jury Demand**", there are no allegations that warrant a response.

77. In response to ECF pages 33, entitled, "**Prayer**", Defendants deny that Plaintiff is entitled to any relief whatsoever from Defendants.

///

///

///

7

Defs.' Answer to Complaint & Demand for Jury Trial  (2:22-cv-1610-DAD-DMC (PC))

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

To the extent Plaintiff has failed to exhaust available administrative remedies, the claims are barred by 42 U.S.C. § 1997(e).

## Second Affirmative Defense

The Amended Complaint fails to allege facts sufficient to constitute a claim for punitive damages.

## Third Affirmative Defense

Defendants are entitled to qualified immunity because their actions were objectively reasonable and did not violate any clearly established right.

## Fourth Affirmative Defense

To the extent Plaintiff's damages claims are based on mental or emotional injury, they must be dismissed where there is no showing of physical injury as required by 42 U.S.C. § 1997(e).

## Fifth Affirmative Defense

Defendants assert that some or all of Plaintiffs' claims are barred by the applicable state or federal statutes of limitations.

## Sixth Affirmative Defense

Defendants reserve the right to amend this answer in order to assert any additional affirmative defenses that may be uncovered or made known during the pendency of this case.

## Seventh Affirmative Defense

Plaintiff failed to mitigate damages, if any.

## Eighth Affirmative Defense

Plaintiff's request for damages against Defendants in their official capacities is barred by the Eleventh Amendment.

## Ninth Affirmative Defense

Plaintiff failed to allege facts sufficient to state a claim against Defendants.

<u>Tenth Affirmative Defense</u>

Plaintiff has failed, both individually and as an alleged successor in interest, to comply with the requirements of California's Government Claims Act.

<u>Eleventh Affirmative Defense</u>

Plaintiff lacks standing to assert claims for other successors in interest, and to the extent such other successors exist, the claims lack an indispensable party.

**PRAYER FOR RELIEF**

Defendants pray that the Court provide the following relief:

1. Dismissal of the Complaint;

2. Entry of judgment for Defendants;

3. An award of costs of suit and attorney's fees to Defendants; and such other relief as the Court deems proper.

Dated: October 28, 2024                                      Respectfully submitted,

ROB BONTA
Attorney General of California
JAY M. GOLDMAN
Supervising Deputy Attorney General

/s/ Ryan T. Gille

RYAN T. GILLE
Deputy Attorney General
*Attorneys for Defendants
D. Baughman and J. Lynch*

SA2022402270
44382223.docx

9

Defs.' Answer to Complaint & Demand for Jury Trial  (2:22-cv-1610-DAD-DMC (PC))

# CERTIFICATE OF SERVICE

Case Name:    *Price, et al.  v. Pacheco, et al.*         No.    **2:22-cv-1610-DAD-DMC (PC)**

I hereby certify that on <u>October 28, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On <u>October 28, 2024</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Arturo Pacheco**
**P.O. Box 27811**
**Sacramento, CA 95827**

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October 28, 2024</u>, at San Francisco, California.

|   M. Paredes   |   */s/ M. Paredes*   |
|:---:|:---:|
|   Declarant   |   Signature   |

SA2022402270
44382371.docx